### DUNAGIN *v.* FIRST NATIONAL BANK OF LAUREL.

[80 South. 276, Division B.]

1. APPEAL AND ERROR. *Decisions appealable. Final judgment.*

   Under the Code of 1906, section 33 (Hemingway's Code, section 8), an appeal is not permissble from an order transferring a case from the circuit court to the chancery court, such an order not being a "final judgment."

2. ACCOUNTS. *Mutual accounts.*

   Where in an action involving dealings between the parties covering a period of sixteen years, with numerous loans between parties, involving large sums, defendant claimed that usurious interest amounting to more than the amount sued for had been collected, the case was properly transferred to the chancery court for an accounting, especially since section 532 of the Code of 1906 (Hemingway's Code, section 289), under paragraph (g) makes it the duty of the chancery court to assume jurisdiction of "'all cases transferred to it by the circuit court or remanded to it by the supreme court."

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Suit by the First National Bank of Laurel against Mrs. M. L. Dunagin. From an order transferring the case from the circuit court to the chancery court, defendant appeals.

The facts are fully stated in the opinion of the court.

*Robert L. Bullard,* for appellant.

There will be no dispute as to the preliminary propositions, to wit: (1) By the Constitution the circuit court has exclusive jurisdiction of all matters not conferred on some other tribunal. (sec. 156). (2) The chancery court has exclusive jurisdiction of all matters of equity, etc. (Section 159). (3) Either court has authority to transfer a case brought in it of which it has no jurisdiction to the other court, it having juris-

diction. (Section 157-161). (4) Concurrent jurisdiction is conferred on both courts of suits on bonds of certain fiduciaries and officers, and of matters involving examination of complicated mutual accounts. With these exceptions, the jurisdiction of both courts is exclusive in its particular sphere.

These four propositions are established by the Constitution and are so fundamental and familiar that they will not be here quoted, except the last which is directly involved here.

No court can confer its authority to try a cause of which it has exclusive jurisdiction on any other court.

The circuit court has exclusive jurisdiction of all actions of assumpsit on promissory notes, this being one of the original common-law actions, that is, of all exceeding two hundred dollars in amount.

There is but one kind of suit which the circuit court has the power to transfer to the chancery court, where it has concurrent jurisdiction with that court. That is provided for in the section of the Constitution referred to in proposition (4) above, which is as follows: "The chancery court shall have jurisdiction, concurrent with the circuit court, . . . of suits involving inquiry into mutual accounts; but if the plaintiff brings his suit in the circuit court, that court may, on *application of defendant,* transfer the cause to the chancery court, if it appear that the accounts to be investigated are mutual and complicated."

Section 556 of the Code of 1906, being merely declaratory of this, but incumbers the Code with useless space, as it does not, and cannot, add to or take aught from it. Therefore, if the plaintiff hopes to find any authority of law for the act of the lower court, it must be sought in this section 161 of the Constitution.

Now, if before section 161 was made part of the Constitution, the circuit court has authority to transfer a cause of which both courts had concurrent jurisdiction, the last clause of that section was useless and is

meaningless.  The last clause of that section was added
in order to confer on the circuit court a power it
otherwise would not have had, and it therefore pre-
scribes the only instance and means by which such
cause could be transferred to the chancery court.   Then
to be thus transferrable, the suit must involve inquiry
into complicated mutual accounts; and then the trans-
fer can be made only on the application of the defend-
ant.

Now, when the motion was made *by the plaintiff* to
transfer this case no inquiry into anything was involved.
There was no issue in the case even authorizing the
empanelling of a jury.  The plaintiff had made no reply
to either of the defendant's special pleas, and the de-
fendant was entitled to a judgment on the face of the
record.   It cannot be presumed here that it had any
reply it could make, since it was its legal duty to reply
and it did not, and we submit that the defendant is
entitled in this court to the same judgment on the
record  that she was entitled to in the lower court.

But let us suppose that the plaintiff had joined issue
on the pleas in the lower court, still the case would
not fall within the requirement of section 161 of the
Constitution.  It would not involve accounts, but prom-
issory notes.   One of the pleas set up that the notes
were given for a pretended balance the Dunagin-Whita-
ker Company owed the bank;  that for years, the
Dunagin-Whitaker Company had been a larger borrower
of money from the bank but had paid to the bank all
that it owed, therefore there was no consideration for
the notes.  If this had been denied, what would have
been the issue?  Simply this—did the Dunagin-Whita-
ker Company owe the bank at the time the notes were
made?  Mrs. Dunagin had no account against the bank
and the bank had none against her.   The issue would
not have made necessary the examination of any ac-
count whatever, and no mutual accounts between the

plaintiff and the defendant could have been examined, because none existed.

It would have been no business of the plaintiff how Mrs. Dunagin would have proved the issue, had it seen fit to reply to her plea. There are many ways in which she might have proved it. She could have proved it by the admission of the plaintiff, if such admission existed. She could have proven it by employees of the bank having knowledge of the facts; she could have proven it by the officers of the Dunagin-Whitaker Company, or it might be that she could prove it by the books of the Dunigan-Whitaker Company, or by the books of the bank, if such books were kept. It may have been easy; it may have been difficult; it may have been impossible to prove; but the burden to prove it being hers, if they had made the issue, it was none of the plaintiff's business how she expected to make the proof or whether she proved it at all.

The plaintiff has four promissory notes against the defendant. It wants to sue her on them and deny her the right the Constitution gives her to have the matter passed on by a jury. It files the suit in the circuit court, where, even it will admit, it must be filed, and then moves to transfer its own suit to the chancery court. If it could do this, it could have brought the suit in the chancery court to begin with. No one can bring his adversary to the court of his own choosing and then, when he becomes dissatisfied with his own choice, make his adversary go with him to some other tribunal. Under one condition only may his adversary do it,—that is when the suit he has brought involves complicated mutual accounts between them, and even then, if the defendant prefers, he may stay in the court of law to which the plaintiff invited him.

But there is no such issue in this case to try. There is no issue at all, and the court will not indulge in any speculation as to whether an issue could be made or not. That was for the plaintiff. It had not done it,

presumably, because it could not. Therefore, we submit, the court here will reverse the judgment of the lower court and enter here the judgment the defendant was entitled to have entered in the lower court, that is the judgment *nil dicit* for want of replication to the defendant's special pleas.

But if the court shall think that the plaintiff should have any further indulgence the cause should be remanded to the court in which it of right belongs. It is unthinkable, though, that the plaintiff should thus be permitted to trifle with the court and the rights of the defendant all at her cost, and with impunity to itself.

*Shannon & Schauber,* for appellee.

The only reason assigned by the appellant for overruling the motion to dismiss the appeal is that the chancery court, the court to which the cause was transferred, has no jurisdiction of the cause. We submit that this question should be left to the chancery court to decide; however, counsel for appellee has overlooked, or failed to call the court's attention to section 532 of the Mississippi Code of 1906, which is brought forward as section 289 of Hemingway's Code of 1917, and which is as follows:

"Jurisdiction—General Statement—The chancery court shall have full jurisdiction in the following matters and cases: (a) All matters in equity; (b) divorce and alimony; (c) matters testamentary and administrative; (d) minors' business; (e) cases of idiocy, and persons of unsound mind; (f) all cases of which it has jurisdiction as elsewhere provided by law; (g) all cases transferred to it by the circuit court or remanded to it by the supreme court. We think this case comes clearly within paragraph (g) of the above section.

In addition to this section or rather, paragraph, we think appellee's plea, as quoted herein, which was filed in good faith, discloses facts that would give the chan-

cery court exclusive jurisdiction in the first (a) paragraph.

Imagine a circuit court trying a case on its merits, which involves matters of account extending over "sixteen years," and the further fact that the defendant claims she does not owe on account of having been charged "unlawful and usurious rates of interest" . . . "more than the total thereof."

What court could better pass on these issues than a chancery court which has power to refer these matters to a master to investigate them? We respectfully ask that the motion to dismiss be sustained.

STEVENS, J., delivered the opinion of the court.

Appellee instituted this action against appellant in the circuit court of Jones county. The defendant filed several pleas to the jurisdiction, in one of which it was averred that there had been dealings between the parties extending over a period of sixteen years; that the total amount of business done between the parties on these accounts amounted to large sums; that there were numerous and sundry loans and transactions upon which the plaintiff has exacted and collected usurious interest; and that the sums paid as unlawful interest amounted to more than the total of the amount sued for. Upon the coming in of these pleas the plaintiff moved the circuit court to transfer the case to the chancery court, in order that the many matters of mutual account might be inquired into and a true accounting had. This motion was by the court sustained, and a judgment duly entered transferring the case to the chancery court. From this judgment appellant, as defendant in the court below, now attempts to prosecute an appeal. Appellee moves this court to dismiss the appeal for want of jurisdiction. There is then involved in this controversy the right of a party litigant to appeal from a judgment of the circuit court transferring the case to the chancery court.

In *Robertson, State Revenue Agent,* v. *F. Goodman Dry Goods Co.,* 115 Miss. 210, 76 So. 149, there was an appeal from the interlocutory decree of the chancery court transferring the case to the circuit court. We there assumed jurisdiction of the appeal, but justified our action upon the statutory right of the chancellor to grant an appeal from interlocutory decrees, and on the fact that the chnacellor in that case had expressly granted an appeal. There was a demurrer to the bill in the case referred to. The demurrer was sustained, and a decree entered transferring the cause to the proper tribunal. The present case presents a different question. Our statute (section 33, Code of 1906; section 8, Hemingway's Code) expressly authorizes appeals to be taken from any final judgment of the circuit court in a civil case. It has been ruled that a final judgment, within the meaning of the statute, is a judg ment adjudicating the merits of the controversy. *G. & S. I. R. Co.* v. *Williams,* 109 Miss. 549, 68 So. 776. In the present case the order transferring the case simply dealt with the question as to the proper or best forum in which the issues could best be inquired into and adjudicated. The circuit court decided nothing on the merits, and the judgment appealed from is not a final judgment within the statute. Section 532, Code of 1906 (section 289, Hemingway's Code), under paragraph (g), makes it the duty of the chancery court to assume jurisdiction of "all cases transferred to it by the circuit court, or remanded to it by the supreme court." Looking to the pleadings in this case, there is no impropriety in our saying frankly that the cause was one that could more properly be dealt with in a court of equity.

From the foregoing expression of our views, it follows that this appeal is not authorized by statute, and that this court is without jurisdiction. The motion will be sustained, and the appeal dismissed.

*Motion sustained.*