BANK OF COURTLAND v. LONG CREEK DRAINAGE DIST. No. 3 OF PANOLA COUNTY.

(Division B. Nov. 26, 1923.)

[97 So. 881. No. 23691.]

APPEAL AND ERROR. *Judgment sustaining demurrer to declaration not a "final judgment."*

A judgment of a circuit court sustaining a demurrer to a declaration, and granting the plaintiff an appeal to the supreme court, is not a final judgment from which an appeal may be taken to the supreme court, under section 8, Hemingway's Code (section 33, Code of 1906).

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Suit by the Bank of Courtland against Long Creek Drainage District No. 3 of Panola county. From an order sustaining demurrer to declaration, and granting plaintiff an appeal to the supreme court, the plaintiff appeals. Appeal dismissed.

No briefs on question decided.

*Jas. B. Boyles,* for appellant.

*Lomax B. Lamb,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellant bank sued the appellee drainage district for a sum of money alleged to be due the bank by the drain-

age district. It is unnecessary to state the averments of the declaration. There was a demurrer sustained to it, whereupon the following order was entered:

"This cause came on to be heard and considered on the demurrer to the declaration herein, and, the court having maturely considered the same, it is ordered, adjudged, and decreed that said demurrer be, and the same is hereby, sustained, to which action the plaintiff excepts and prays an appeal to the supreme court, which is hereby granted."

Section 8, Hemingway's Code (section 33, Code of 1906), provides that an appeal may be taken to the supreme court from any final judgment of a circuit court.

The question which confronts the court before it can consider the action of the circuit court in sustaining the demurrer is whether or not this is a final judgment of the circuit court from which an appeal may be prosecuted to this court. A final judgment of the circuit court is a judgment adjudicating the merits of the controversy. *Gulf & S. I. R. Co.* v. *Williams,* 109 Miss. 549, 68 So. 776; *Dunagin* v. *National Bank,* 118 Miss. 809, 80 So. 276. This judgment of the court does not state that the plaintiff recover nothing from the defendant; neither does it acquit the defendant of liability and tax the costs against the plaintiff.

*Non constat* but what the defendant, with leave of court, might be able to amend the declaration and charge a good cause of action. It remains that final judgment was not entered against the plaintiff in the case, and therefore this appeal must be dismissed.

*Appeal dismissed.*