CRAIG, STATE TAX COLLECTOR, *v.* BARBER BROS. CONTRACTING Co. *et al.*

(In Banc.   Dec. 23, 1940.   Suggestion of Error Overruled Feb. 10, 1941.)

[199 So. 270.   No. 34488.]

**E. R. Holmes, Jr.**, Assistant Attorney-General, for appellee, State Highway Commission, on motion to dismiss.

**W. E. Gore**, of Jackson, for appellant, on motion to dismiss.

Argued orally by **W. E. Gore** and **H. H. Creekmore**, for appellant, and by **E. R. Holmes, Jr.**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The motion is to dismiss the appeal herein granted from an order or a judgment of the circuit court of Hinds County quashing certain garnishments served upon the State Highway Commission, State Auditor, and State Treasurer, and dismissing the suit as to the garnishees, but wherein the court expressly declined to quash the writ of attachment against the principal defendant.

On September 18, 1940, the appellant, as State Tax Collector, filed an affidavit for an attachment against Barber Brothers Contracting Company, a foreign corporation, to enforce the collection of an alleged indebtedness from the said non-resident in favor of the state, and suggested therein that the garnishees above named had money and effects of the said foreign corporation in their hands and under their control; and prayed that writs of garnishment be issued against them. Thereupon a writ of attachment was immediately issued as prayed for against the estate, both real and personal, of the said Barber Brothers Contracting Company on the sole ground of its non-residence, and there was embodied in the writ the suggested garnishments. On the following day the process was served upon each of the garnishees and the return of the officer was accordingly made on the writ of attachment wherein the garnishment feature of the process was embodied, and he retained the writ in his possession to be executed on any estate, real or personal, that might be found in his county belonging to the principal defendant, Barber Brothers Contracting Company.

The circuit court was then in regular session, but this dual writ of attachment and garnishments was not returnable until the third Monday in February, 1941, since the suit was not filed in time to require an appearance at the term then in session. The garnishees, however, went before the court on September 28 and obtained a hearing, over the objection of the appellant, upon a motion filed only in their own behalf to dismiss the writ of attachment, quash the garnishments, and dismiss the suit insofar as they were concerned on the ground that the State Highway Commission is an agency of the state engaged in the carrying out of governmental functions and that neither the said commission nor the other state officials are subject to garnishment over their objection or otherwise. No ground for quashing the attachment was assigned in this motion, nor does any reason appear from the record for quashing the same since the affidavit for the attachment as against the non-resident and principal defendant is in due form and no issue has yet been made as to whether the indebtedness alleged therein is due in favor of the plaintiff.

The motion to quash was sustained on September 28 to the extent only of vacating the writs of garnishment and dismissing the suit as to the garnishees, and on October 1 the appeal here was granted and taken from that order or judgment. Four days later the sheriff made his return as to the attachment against the principal defendant stating that this defendant was not found in his county, but no return was made as to whether he had levied the writ upon any real or personal estate in the possession or under control of the principal defendant in the county. We understand, however, from the argument of counsel at the bar that no such property was found.

Thus it will be seen that at the time the appeal was taken the sheriff still had the attachment writ in his possession for execution, and that the plaintiff was entitled under the affidavit then pending to have issued, subsequently to the return made on the original writ, any alias

writs of attachment at any time prior to the return day of this suit on the third Monday in February, 1941. And at the time of the taking of the appeal, no process by publication or otherwise had been obtained on the principal defendant, nor had it entered an appearance.

Section 168, Code of 1930, reads as follows: "Attachment preserved by appeal.—If the plaintiff, within ten days after the expiration of the term of the court at which judgment is rendered discharging his attachment, shall perfect an appeal from such judgment, the attachment shall not be discharged, nor garnishees nor property released therefrom, by such judgment; but such appeal shall preserve the attachment in full force, to await the result of the appeal."

It will therefore be seen that this statute only provides what the effect of an appeal shall be when taken from a judgment discharging the attachment. It authorizes an appeal in that instance. Otherwise, an appeal from the circuit court to the Supreme Court is governed by Section 13, Code of 1930, which provides for an appeal from any final judgment of the circuit court. In this state, appeals are regulated by statute and only allowed in cases provided by statute. State v. Poplarville Sawmill Co., 119 Miss. 432, 81 So. 124; Jones v. Cashin, 133 Miss. 585, 98 So. 98. No statute is called to our attention, nor are we able to find one which authorizes an appeal from an order or a judgment vacating a writ of garnishment and dismissing the suit as to a garnishee where the garnishment is issued as a part of an attachment writ in a suit which is still pending in the trial court at the time the appeal is allowed. If such appeals could be maintained, then it would follow that where numerous persons are served with garnishments, there could be as many appeals taken in a case as there are orders granted from time to time vacating writs of garnishment prior to the final hearing on the attachment issue. Appeals from interlocutory orders or decrees apply only to cases in the chancery court, and no contention is here made to the

contrary, but the appellant relies on said Section 168, Code of 1930, dealing with the effect of an appeal on the rights of garnishees when the appeal is from a judgment discharging an attachment.

It is true that the order vacating the garnishments and dismissing the suit as to the garnishees was final as to them, but that is likewise true in other cases at law where a demurrer of one defendant is sustained to a declaration and the suit is dismissed as to him upon the failure of the plaintiff to amend, and wherein no appeal is allowable until final judgment in the case as to the other defendant. For instance it was held in the case of Dickerson v. Western Union Tel. Co., et al., 111 Miss. 264, 71 So. 385, that a Statute of Limitation governing appeals did not commence to run from the date of a judgment sustaining a demurrer and dismissing a suit as to one of the defendants, and the decision is based on the lack of finality of such judgment as to both defendants. See, also, State ex rel. Rice, Attorney-General, v. Large, 171 Miss. 330, 157 So. 694, and Bank of Courtland v. Long Creek Drainage District, 133 Miss. 531, 97 So. 881, which, although not in point on the question here involved, are persuasive.

It is unnecessary to decide the question as to whether or not a trial court is vested with the authority to quash a writ of garnishment in an attachment suit prior to the return day of either of the writs, and in the absence or over the objection of any person who may be interested in the fund against which the garnishment is issued and who may be entitled to have his rights determined at the return term of the suit. We decide only the question that the appeal here is prematurely taken, and that the motion to dismiss should be sustained.

While it is true that a writ of attachment and a writ of garnishment may be incorporated into one process, they are essentially different in character, the former being directed against property of the principal defendant and in his possession or under his control, while the

object of the latter is to reach an indebtedness due him by a third person or property in the possession or under the control of a third person belonging to such defendant. Therefore, the quashing of the latter writ does not of itself discharge the former.

Motion to dismiss appeal sustained.

### Dissenting Opinion.

**Smith, C. J.**, delivered a dissenting opinion.

The opinion in chief is based on too narrow a construction of Section 168, Code of 1930. "Garnishment is a form of attachment by which property of a defendant in the hands of a garnishee, or a debt due a defendant by a garnishee, is seized and applied to the payment of the judgment recovered against the defendant." National City Bank of St. Louis v. Stupp Bros. Bridge & Iron Co., 147 Miss. 747, 113 So. 340, 341; 4 Am. Juris., Attachment and Garnishment, Section 4. Consequently, in order to carry out the purpose and intent of Section 168, it should be applied to a garnishment which has been discharged. The draftsman of the section evidently had in mind the usual and orderly way for dealing with attachments for debt on which garnishments have been issued—that is, for the trial court to either sustain or discharge the attachment before taking up other issues in the case, and if the attachment is discharged the garnishments issued thereon are also discharged as of course. Nevertheless, if the garnishments are taken up out of order before the attachment is disposed of, and the garnishments discharged the spirit of the statute, and as a garnishment is a form of attachment, the letter thereof applies thereto. Of course, the merits of the case, that is, whether error was committed in the discharge of this garnishment, are not before us.

The motion should be overruled.

**McGowen, J.**, joins in this dissent.