STRICKLAND *et al. v.* HUMBLE OIL & REFINING Co. *et al.*

(Division A. Feb. 8, 1943.)

[11 So. (2d) 820. No. 35235.]

W. T. Weir, of Philadelphia, for appellants.

Heidelberg & Roberts, of Hattiesburg, and **Vinson, Elkins, Weems & Francis**, of Houston, Texas, for appellees.

**Roberds, J.,** delivered the opinion of the court.

This appeal is from a decree dismissing an attachment in chancery against the Humble Oil & Refining Company as a nonresident corporate debtor of appellants.

Appellants, some one hundred and twenty-five in number, as complainants in this bill, claim that said oil company is indebted to them in a large sum of money resulting from the production and appropriation by the oil company of large quantities of oil and gas from 1,476 acres of land owned by appellants. The bill did not give the situs of the lands but it is agreed they are located in Montgomery County, Texas. The bill seeks to attach certain mineral leasehold rights of said oil company in Mississippi and also joins as garnishee defendants certain residents of Misisippi alleged in the bill to be indebted to said nonresident oil company.

Complainants traced their claim to said lands through one Wilson Strickland, a patentee thereof. Another group of individuals, about the same number as complainants, filed in this cause a plea of intervention, asserting that they are in fact the only heirs of said Strickland.

The resident defendants all answered the bill, denying that they owe or have in their possession or under their control any property or effects of said nonresident defendant, asserting further they know of no other person who is indebted to or who has effects or property of said ' nonresident defendant. No denial was made to or issue joined on these answers.

The Humble Oil & Refining Company filed a motion to dismiss the cause for lack of jurisdiction in the chancery court of Harrison County, Mississippi, to adjudicate effectively the issues and rights of all parties involved in this proceeing. In support of the motion it recites that the movant is a corporation chartered and organized under the laws of the State of Texas and domiciled at Houston in said state; that it is the real true owner of said

lands and has been in the exclusive possession and control thereof for a number of years, paying taxes thereon; that it has drilled wells and produced oil and gas therefrom, and that it has expended many hundreds of thousands of dollars in acquiring and developing and paying taxes on said lands, all under a good faith claim of ownership; that complainants have never been in possession, actual or constructive, of any of said lands; that the foundation of the rights of the appellants is the claim of ownership of these lands and that this suit is to establish that ownership and cancel and remove the claim of said oil company thereto; that this suit under the law of Texas must be filed in the county where the lands are located; that in addition it would be impossible for the chancery court of Harrison County to try this cause; that there are six distinct groups of individuals, comprising several hundred people, claiming to be owners of the lands; that since the lands were patented they have been divided up into many tracts and blocks and that there are over two thousand conveyances affecting the titles; that these records cannot be brought to Mississippi; that there have been numerous suits and much litigation affecting the title to these lands in various state and federal courts in the State of Texas, and that the court papers and minutes of these various court proceedings must be used in evidence in this cause to properly determine the rights of the parties hereto; that these court papers and minutes cannot be brought to Mississippi; that to procure certified copies of all of the conveyances and of all the court papers, records and minutes bearing upon the title to said lands would impose an expense of many thousands of dollars; that said oil company not only claims ownership of the lands by record title but also by adverse possession, which fact must be proved, as to the various tracts, by many witnesses living in the State of Texas and proximate to said land, who cannot be forced to come to the State of Mississippi, and the taking of the depositions of these witnesses would impose unbearable expense and trouble;

that the effect of the various court proceedings and the judgments and decrees which have been rendered therein in the State of Texas, and the meaning and legal effect of the various conveyances affecting said lands, and the rights conferred by adverse possession, must all be determined by the laws of Texas; that enormous labor and trouble would be required to properly prepare and present a full answer to this bill and present the various issues necessarily involved in this litigation; that, therefore, it would be impracticable and impossible and an unfair and an unjust burden upon said nonresident defendant for the chancery court of Harrison County, Mississippi, to assume jurisdiction and try this cause. Affidavit was duly made to the recitals of fact in this motion, and there is no denial thereto. In fact, there is a stipulation between the parties in the record in which it is agreed that practically all of the foregoing statements are true.

The chancellor sustained the motion and declined to take jurisdiction and try this cause.

Appellee says the chancellor was correct because (1) this is a title suit and must be filed in the county where the land is located, (2) that it is in possession and appellants cannot maintain this suit without first gaining possession, which can only be done, if at all, by a local title suit in Texas, and (3) even if the Mississippi chancery court had jurisdiction it would not exercise it because so to do would be inequitable and unjust and it could not render complete and full justice. Appellants take issue on these legal propositions and further say the questions involved herein can not be raised by a motion to dismiss.

We shall determine first whether the motion will lie. The facts underlying the motion do not appear upon the face of the bill. In fact, the bill fails to state where the lands are located. This motion, in effect, is a plea in abatement. By Section 379, Code of 1930, pleas in chancery are abolished and every defense heretofore presentable by plea shall be made in the answer, but the statute also provides that the answer may state as many separate

defenses, in law and in fact, as the defendant may have, and if such defenses are so stated as to be clearly and readily separable and go to the entire present cause of action, such distinct defense may, on motion of either party, be separably heard and disposed of before the principal trial of the cause, and no replication shall be necessary. In dealing with this question it is said in Paragraph 343, Mississippi Chancery Practice by Griffith: "It will sometimes happen in every day practice that matters easily to be made apparent, especially as to matters in abatement, and which in strict form would be required to be shown as matter of plea will be informally presented by suggestion and without answer at all,— as for instance, that a foreign executor has sued respecting real estate without the will under which he acts ever having been probated in this state. For all such manifest cases whatever the cause, and particularly in abatement matter, this practice will be allowed, as it always has been with us, as saving the labor and trouble of uselessly preparing and presenting a full and formal answer to the bill." It is further said in Paragraph 344 of this work: "Since pleas are abolished as an independent pleading, it may happen in a few instances that there is no remaining appropriate method of procedure to raise an abatement point except by motion. Upon the general principle that a motion may be availed of when no other method is suitable, the motion will fill all such spaces. An instance of this is where a sole defendant is sued in an action in personam out of the county of his residence. Upon such a fact being made to appear in the defendant's behalf, the court will have no proper authority to proceed further, not even so far, in strict right, as to compel the defendant to put in an answer. This point was formerly raised by a plea in the nature of a plea in abatement, but since to make it now as a plea the defendant would have to insert it in an answer, he would then have to answer in order to regularly interpose such a plea, and this would be pro tanto in contravention of his right under the

venue statute. The plea is therefore no longer suitable to such a case, in consequence of which a motion supported by affidavit will be heard in lieu thereof,—and this will furnish an illustration for the few other cases that may happen to fall within the same principle.''

In Waits v. Black Bayou Drainage District, 186 Miss. 270, 185 So. 577, 578, it was said: ''The question of jurisdiction may be raised at any time either by counsel or by the court of its own motion.'' See also Brotherhood of Railway Trainmen v. Agnew, 170 Miss. 604, 155 So. 205; Ellenwood v. Marietta Chair Co., 158 U. S. 105, 15 S. Ct. 771, 39 L. Ed. 913.

We think this motion properly presented to the chancellor the questions involved at this stage of the proceedings.

We pass over the contention that under both the statutes of Mississippi and of Texas this is a local action and we go at once to the proposition of forum non conveniens. The rights of appellants depend upon their title to the lands from which the oil and gas have been taken. That is the foundation of their claim; therefore this is a suit to determine the owners of the lands. The lands are located in Texas.

In Arizona Mining Co. v. Iron Cap Copper Co., 233 Mass. 522, 124 N. E. 281, 282, the court said: ''In the first case the plaintiff to recover must prove title to the ore alleged to have been converted and sold by the defendant. To establish that contention involves proof of the mining laws of Arizona and relates to a peculiar kind of real estate differing from that commonly litigated in our courts. Proof of the issues of fact involved would seem to be extremely difficult and expensive with witnesses at so great a distance. It is manifest that the defenant will be subjected to great and unnecessary expense if compelled to litigate these cases, and that the trials thereof will be accompanied by difficulties which can be avoided without apparent hardships to the plaintiff if it brings these suits in the courts of Arizona.''

In Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, 184 N. E. 152, 158, 87 A. L. R. 1407, the court used this language: "Where it appears that complete justice cannot be done here, that the defendant will be subjected to great and unnecessary inconvenience and expense, and that the trial will be attended, if conducted here, with many if not insuperable difficulties which all would be avoided without special hardship to the plaintiff if proceedings are brought in the jurisdiction where the defendant is domiciled, where service can be had, where the cause of action arose and where justice can be done, our courts decline to take jurisdiction on the general ground that the litigation may more appropriately be conducted in a foreign tribunal. Stated succinctly, the principle is that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined and the parties relegated to relief to be sought in another forum."

In Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888, 889, 49 L. R. A. 301, it was said that if the right "is of such a kind that, with a due regard for the interests of the parties, a proper remedy can be given only in the jurisdiction where it is created, it will not be enforced elsewhere."

In 15 C. J. 816, it is said: "A court which is not in condition to do complete justice in the case should decline to entertain jurisdiction." See also 21 C. J. S., Courts, sec. 90.

The same general principle is stated in 14 Am. Jur., Section 230, page 424, where it is further said that in such cases the dismissal of the suit is within the sound judicial discretion of the court. We do not need to repeat the facts stated in the motion to show that the rule is peculiarly applicable to the situation here. We might add, however, that we are unable to see how a Mississippi court could settle the question of title to lands in Texas so that such decree would be res adjudicata of the ques-

tion in that state. The chancellor in his opinion dealing with this question said: "There is real merit in the point, and I am impressed that the case at bar furnishes a striking illustration of the propriety and usefulness of this well established precedent." We think the chancellor was correct in declining to assume jurisdiction of this cause.

Affirmed.