ROACH et al *v.* BLACK CREEK DRAINAGE DISTRICT, et al.

In Banc. June 13, 1949.

(41 So. (2d) 5)

Sandy R. Kind and Calvin R King, for appellants.

Johnson & White, for appellees.

Smith, J.

Appellants filed their petition in the circuit court against appellees, as Commissioners of the Black Creek Drainage District of Holmes County, "for a writ of mandamus against the defendants requiring the defendants without delay to make all necessary and reasonable repairs to" Gunnagusha Creek; further praying "that all necessary steps of eminent domain be taken as by law provided for the condemnation of any land necessary to reasonably accomplish" the turning back of all waters of said creek into its original channel; and also "that said creek be reasonably repaired so that future flood hazards will be reduced."

To this petition appellees demurred generally, which was sustained by the following order, to-wit: "This day this cause came on to be heard upon the demurrer of defendants to the petition filed in this cause, and the same having been considered, it is ordered that said demurrer be and the same is hereby sustained, and the petitioners praying an appeal to the Supreme Court it is ordered that the same be granted and that an appeal bond be and the same is hereby fixed at the sum of $300."

It is the primary duty of this court to determine its jurisdiction of causes, and, ex mero motu, we

address ourselves at once to that question. ■■■ Not so long ago, we reannounced the rule that appeals from interlocutory orders or decrees apply only to cases in chancery courts. Craig, State Tax Collector, v. Barber Brothers Contracting Co., 190 Miss. 182, 199 So. 270. In the case of State ex rel. Rice, Attorney General v. Large, 171 Miss. 330, 157 So. 694, 695, we said: "No appeal is allowable from a circuit court judgment unless the judgment is in all respects a final judgment, sections 13, 3361, Code 1930, Moore v. Montgomery Ward & Co., 171 Miss. 420, 156 So. 875; and, of course, an order ruling on a demurrer, and which goes no further than simply to rule on the demurrer, is no final judgment, Pine Lumber Company v. Covington County, 87 Miss. 706, 40 So. 260. The statute allowing interlocutory appeals, section 14, Code 1930, applies only to chancery courts. This court has no jurisdiction of the appeal here sought to be presented, and it must be dismissed."

■■■ We have also held that a final judgment of the circuit court is a judgment adjudicating the merits of the controversy. Gulf & S. I. R. Company v. Williams, 109 Miss. 549, 68 So. 776; Dunagin v. National Bank, 118 Miss. 809, 80 So. 276; Bank of Courtland v. Long Creek Drainage Dist. No. 3 of Panola County, 133 Miss. 531, 97 So. 881. In the case last cited, the order of the circuit court from which the appeal came here was set out in the opinion of this Court, as follows: "This cause came on to be heard and considered on the demurrer to the declaration herein, and, the court having maturely considered the same, it is ordered, adjudged, and decreed that said demurrer be, and the same is hereby, sustained, to which action the plaintiff excepts and prays an appeal to the Supreme Court, which is hereby granted." We dismissed the appeal because this order was not a final judgment, and, hence, was not appealable.

It follows that this Court is without jurisdiction of this case by this appeal, which must be, and is, dismissed.

Appeal dismissed.