215 So.2d 419 (1968)
ILLINOIS CENTRAL RAILROAD COMPANY
v.
The Honorable Russel D. MOORE, III, Judge of the Seventh Judicial Circuit District of Mississippi.
Misc. No. 61.
Supreme Court of Mississippi.
November 4, 1968.
Dent, Ward, Martin & Terry, Vicksburg, Griffin Norquist, Yazoo City, for appellant.
Ramsey, Ramsey & Bodron, Vicksburg, John Sharp Holmes, Yazoo City, for appellee.
SMITH, Justice:
Illinois Central Railroad Company, defendant in an action now pending in the Circuit Court of Yazoo County, has filed an original petition in this Court asking that we review and reverse the action of Honorable Russel D. Moore, III, Judge of that court, in denying its motion to dismiss under the doctrine of forum non conveniens.
The petition alleges that M.D. Howe, Jr., as plaintiff, filed suit against petitioner in the Yazoo County Circuit Court under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. sections 51-56 (1954), which suit was brought for damages for personal injuries sustained by plaintiff on January 26, 1965, while employed in petitioner's Memphis, Tennessee railroad yards.
It is further alleged that all of the circumstances which gave rise to the cause of action upon which the suit is founded occurred in Memphis, Shelby County, Tennessee, that nothing relative thereto took place in Yazoo County or in the State of *420 Mississippi, that all witnesses who could possibly know anything about the alleged occurrences reside in or near the City of Memphis in Shelby County, Tennessee, and that none of them reside in Yazoo County.
It is recited that petitioner filed in the Circuit Court of Yazoo County a motion to dismiss Howe's action, the motion having been based upon the doctrine of forum non conveniens, that on November 10, 1967, this motion was presented to the Honorable Russel D. Moore, III, Judge of that court, who is the respondent in the present petition. Petitioner presented evidence in support of the motion, a certified transcript of which has been filed in this court, directed toward establishing the above allegations and also that movant's ability to defend would be substantially embarrassed or impaired if required to defend in Yazoo County because of the unavailability of compulsory process for the nonresident witnesses and Memphis hospital records, and the greatly increased distances such witnesses must travel to the place of trial. Moreover, it is alleged, that so doing would impose upon petitioner an added expense of $2,500 over and above the cost to it of defending in the courts of Shelby County, Tennessee, where the cause of action arose.
The petition concludes by asserting that although this was and is a proper case for the application of the doctrine of forum non conveniens, respondent, Honorable Russel D. Moore, III, Judge of the Circuit Court of Yazoo County, after hearing the evidence, overruled the motion, and that his action in so doing was error or a manifest abuse of discretion.
The prayer of the petition is that, since petitioner has no adequate remedy otherwise, this Court issue the writ of mandamus, directed to the trial judge requiring him to reverse his decision on the motion and to dismiss the cause, or, alternatively, that this Court issue a writ of certiorari to bring up for review the proceedings and evidence upon the motion in the court below, and upon that record to reverse the trial court and dismiss the cause on the basis of the doctrine of forum non conveniens. Either procedure would be effective in obtaining a review by this Court of the trial court's action in overruling the motion, a review which cannot be obtained by direct appeal at this time.
Both sides have filed in this Court very distinguished briefs addressed chiefly to the merits of the motion to dismiss filed in the court below. However, under our view of the case, that issue is not at present before us.
In the brief filed on behalf of petitioner it is stated:
Let it be understood that at no point is it contended by petitioner that the respondent court is without jurisdiction and venue to try this case. As a matter of fact, the doctrine of forum non conveniens presupposes at least two forums in which the defendant is amenable to process  the one in which the suit is brought and another in which it might have been brought. * * *
A statement of the doctrine of forum non conveniens appears in 14 Am.Jur. Courts § 230 (1938) and is as follows:
Comity does not require a court to entertain jurisdiction of an action if another forum would be more convenient, and the determination of the question whether an action should be dismissed on the ground that another forum is more convenient involves the exercise of judicial discretion. This power is an incident of the inherent power and duty of the court to do whatever may be done under the general rules of jurisprudence to insure to parties to litigation a fair trial. Where it appears that complete justice cannot be done in the court in which action has been brought against a nonresident, that the defendant will be subjected to great and unnecessary inconvenience and expense, and that trial of the action will be attended with difficulties which all would be avoided without *421 special hardship to the plaintiff if action is brought in the jurisdiction in which the defendant is domiciled, where service can be had, where the cause of action arose, and where justice can be done, the court may decline to entertain the action on the ground that the litigation may more appropriately be conducted elsewhere. (emphasis added).
A more succinct definition of the doctrine appears in Cotton v. Louisville & Nashville Railroad Company, 14 Ill.2d 144, 152 N.E.2d 385 (1958):
Generally speaking forum non conveniens deals with the discretionary power of the court to decline to exercise a possessed jurisdiction whenever, because of varying factors, it appears that the controversy may be more suitably or conveniently tried elsewhere.
This Court has recognized the doctrine of forum non conveniens. Strickland v. Humble Oil & Refining Company, 194 Miss. 194, 11 So.2d 820 (1943). However, it is to be noted that Strickland, supra, was on appeal following final judgment dismissing the case.
While there is no Mississippi statute or rule of this Court providing for interlocutory appeals in circuit court cases, Mississippi Code 1942 Annotated section 1148 (1956), provides for appeals from interlocutory decrees of the chancery court under strictly limited and enumerated circumstances when and if such an appeal is granted by special order of the chancellor. The history of interlocutory appeals in equity cases is discussed in Griffith, Mississippi Chancery Practice section 680 (2d ed. 1950).
It has been settled from an early day in this state that appeals are not matters of right, and are allowable only in cases provided for by statute, and then only in the manner and on the terms prescribed by statute; that these terms must be strictly complied with and are conditions precedent to the jurisdiction of the appellate court. * * *
In the same work, Section 681, the following statement appears.
A statute allowing appeals from interlocutory orders and decrees has been, in some form, included in our laws for many years, and originally the matters appealable thereunder were more numerous than those now allowed. For instance under our early statutes an appeal from a decree overruling a demurrer was granted as a matter of right. But such an allowance was found by experience to lead to intolerable delays and abuses, in consequence of which the privilege as a matter of right was withdrawn, and it was made a matter to be allowed only upon the exercise of a sound discretion by the chancellor or by a judge of the supreme court; and the rule became established to deny such an appeal if thereby the entire principles of the case would not be settled and an appeal would result in vexatious delay and expense. * * *
In Liberty Trust Company v. Planters' Bank, 155 Miss. 721, 124 So. 341 (1929) this Court said:
In this state, and in practically all the states, no appeal is allowed to the Supreme Court from judgments at law, unless the judgment is a final judgment; * * *
Appeals from interlocutory orders or decrees are granted only in cases in chancery courts. Craig v. Barber Brothers Contracting Company, 190 Miss. 182, 199 So. 270 (1940). Moreover, we have said that an appeal from the circuit court to this Court will lie only from the final judgment of that court and that by "final judgment" is meant a judgment which adjudicates the merits of the controversy. Roach v. Black Creek Drainage District, 206 Miss. 794, 41 So.2d 5 (1949).
In Illinois Central Railroad Company v. The Honorable O.H. Barnett, Judge Of *422 The Eighth Judicial Circuit District Of Mississippi, (Misc.No. 36, December 4, 1967), a case in many respects closely analogous to that presented by the petition now before us, this Court declined, without an opinion, to entertain a petition for a writ of mandamus directed to the trial court and directing it to reverse its action in overruling a motion to dismiss in a pending case under the doctrine of forum non conveniens.
Ballentine's Law Dictionary (2d ed. 1948) defines "appeal" as "any complaint to a superior court of an injustice done by an inferior one. This is the general use of the word."
The refusal of the trial judge to dismiss under the doctrine of forum non conveniens, admittedly a matter within his sound judicial discretion, bears some analogy to the sustaining or denying of an objection to a trial court's jurisdiction or to the qualifications of a trial judge, or to the trial court's action upon a motion for a change of venue or to transfer a case from one court to another or from a law to an equity court. Ordinarily these are considered orders from which no appeal will lie and as to which review of the propriety of the trial court's action with respect to them must await appeal following final judgment. 4 Am.Jur.2d Appeal and Error §§ 87-90 (1957).
We are aware of both the traditional and practical differences between proceedings for mandamus and a conventional appeal. However, in the present case, the purpose, function, and effect of the petition are indistinguishable in any material particular from the purpose, function, and effect of an interlocutory appeal, that is, there is presented for review and reversal the act of a lower court in declining to dismiss a pending case. The history of interlocutory appeals in equity cases, where they are now permitted under restricted circumstances, is not persuasive of their desirability in cases at law, where they are authorized neither by statute nor court rule.
In our view, the petition in this case, as well as that in the former case, constitute efforts to obtain a review of the trial court's action on a motion to dismiss which are in the nature of an appeal, and regardless of nomenclature and the form of procedure cannot be entertained by this Court prior to final judgment. Therefore, we do not reach and expressly pretermit the question of whether or not there was a manifest abuse of discretion or reversible error on the part of the respondent circuit court judge in denying the motion to dismiss. This is not to be understood, however, as implying that the question as to the propriety of the action on the part of the trial judge in that regard is foreclosed nor that it cannot be made a subject of review when and if the case should reach this Court on appeal after final judgment. For the above reasons the petition is dismissed without prejudice.
Petition dismissed without prejudice.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.
RODGERS, Justice (specially concurring):
I concur in the foregoing opinion insofar as it applies to the premature appeal now before the Court, but in so doing I reserve the right to review on direct appeal the so-called doctrine of forum non conveniens, in the light of section 24, Mississippi Constitution.