IN THE COURT OF APPEALS

7/15/97

OF THE

STATE OF MISSISSIPPI

NO. 95-CA-00728 COA

GORDON RATHER

APPELLANT

v.

DEPARTMENT OF HUMAN SERVICES OF THE STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JAMES E. NICHOLS

COURT FROM WHICH APPEALED: WARREN COUNTY CHANCERY COURT

ATTORNEY FOR APPELLANT:

WALTERINE LANGFORD

ATTORNEY FOR APPELLEE:

GREGORY J. WEBER

NATURE OF THE CASE: CIVIL: DOMESTIC RELATIONS

TRIAL COURT DISPOSITION: JUDGMENT DENYING CLAIM FOR AN ABATEMENT AND DOWNWARD MODIFICATION OF CHILD SUPPORT.

MANDATE ISSUED: 10/2/97


ON PETITION FOR REHEARING


EN BANC

DIAZ, J., FOR THE COURT:


On motion for rehearing, the motion is denied, the original opinion is withdrawn, and this opinion substituted therefore.

Pursuant to a motion for citation for contempt, Gordon Rather (Rather), the Appellant, was found in willful contempt of court for arrearage in child support. Furthermore, the Chancellor denied Rather's request to modify or suspend his child support payments. Aggrieved, Rather appeals to this Court asserting the following issues: (1) that the Chancellor erred in failing to grant Rather a modification of child support; (2) that the Chancellor erred in finding Rather in wilful contempt; (3) that the Chancellor erred in sentencing Rather to jail; and (4) that the Chancellor erred in admitting testimony regarding failure to pay for other children. Finding no reversible error, we affirm.

## FACTS

In January 1992, Gordon Rather and Sheila Rather were granted a divorce on the ground of irreconcilable differences. Sheila Rather was given custody of their two children, and Gordon Rather was ordered to pay $300.00 per month for child support. In June 1994, the Department of Human Services filed a motion for citation for contempt in June 1994 because Rather had fallen behind on his child support payments. Rather then filed a counterclaim seeking a modification or suspension of child support obligations because he had been ill and unable to work, and also because his children lived with him for eight months and he supported them during that time.

A hearing was held where it was determined that Rather owed $2,405.00 in child support. After a series of continuances, a second hearing was held almost ten months later where it was determined that Rather's motion seeking modification or suspension of payments should be denied, and that Rather was in wilful contempt of the previous order. At that hearing, Rather testified that he was remarried, and had fallen behind on his child support payments because he had been unable to work from December 1993 until June 1995 because of a medical condition with his colon. He underwent surgery in February 1995, and was released from treatment, in that his doctors allowed him to

perform "light duty work" in June 1995. In the past, Rather had been employed with a cable company. His duties included driving the trucks, and climbing telephone poles. From the time he was released from treatment until the time of the second hearing, Rather had applied for three jobs. At the second hearing, the chancellor denied Rather's motion, and further found him in wilful contempt of the first judgment for the $2,405.00 arrearage. Rather was sentenced to jail unless the matter was appealed. Rather subsequently filed an appeal, at which point, the chancellor stayed Rather's jail sentence.

## DISCUSSION

### I. MODIFICATION OR SUSPENSION OF PAYMENTS

This Court will not reverse a chancellor's finding where it is supported by substantial evidence. *Varner v. Varner*, 666 So. 2d 493, 496 (Miss. 1995). Support agreements for divorces on the grounds of irreconcilable differences are subject to modification only if there has been a material change in circumstances. *Varner*, 666 So.2d at 497. The change must occur as an after-arising circumstance of the parties not reasonably anticipated at the time of the agreement. *Id.*

Rather contends that the chancellor should have granted his motion to modify or suspend child support because he had shown a material change in circumstances since the child support decree was entered. Rather argues that because he had been unable to work due to medical problems, he could not meet his child support obligations of $300.00 per month. The chancellor apparently did not find that Rather had shown a material change in circumstances.

The record reflects that Sheila, Rather's ex-wife testified that Rather has had the same health problems in 1984 before their divorce in 1992, and has had prior surgery in connection with his colon condition. In fact, Sheila testified that after his first surgery, the doctors told Rather that he would have problems again if he did not stick to his diet. After his first surgery in 1984, he returned to work with the cable company, hooking up cables and driving trucks after six weeks of recovery.

From this line of testimony, it is apparent that Rather has had to contend with his medical condition even years before his divorce in 1992; therefore, it cannot be said that this condition caused a change in circumstances that the parties could not have contemplated at the time of the agreement. The chancellor was warranted in finding no material change in circumstance, and we will not disturb this finding.

### II. WILFUL CONTEMPT

Rather next contends that the chancellor erred in finding him in wilful contempt when the matter before the court was strictly on the issue of whether child support should be modified or suspended. Rather argues that the chancellor did not have the authority to find him in contempt when the chancellor did not have access to the record in the previous hearing adjudging Rather in arrears. The DHS argues that the first order which was entered on September 14, 1994, was not a final judgment; therefore, it was subject to revision at any time before entry of the final judgment.

This Court has held that a final judgment of the circuit court is a judgment adjudicating the merits of

the controversy. *Roach v. Black Creek Drainage Dist.* 41 So. 2d 5, 5 (Miss. 1949); *see* Miss. Code Ann. § 11-51-3 (Supp. 1995). Clearly, the "judgment" entered on September 14, 1994 was not a final judgment. The document states on its face "This action is continued until November 10, 1994 at 9:00 a.m. on all remaining issues." The issues before the court were: (1) whether Rather was in wilful contempt, and, on counterclaim (2) whether Rather should be entitled to a modification or suspension of child support due to a material change in circumstances. The preliminary finding by the chancellor on September 14, 1994, only established the amount Rather was in arrearage. The issue as to whether Rather was in wilful contempt, or whether he was entitled to a modification was not addressed at the time. Therefore, it did not adjudicate the merits of the controversy before the court, nor was there an expressed direction for the entry of judgment; hence, it was not a final judgment. Pursuant to Rule 54 (b) of the Mississippi Rules of Civil Procedure, that decision was subject to revision at any time before entry of the final judgment. M.R.C.P. 54 (b).

"Contempt matters are left to the substantial discretion of the trial court." *Varner v. Varner*, 666 So. 2d 493, 496 (Miss. 1995) A defendant may avoid a judgment of contempt by showing that is without the present ability to discharge his obligations. *Varner* , 666 So. 2d at 495 (Miss. 1995). If the contemnor raises his inability to pay as a defense, he has the burden to show this with particularity, not just in general terms. *Id.* In the present case, Rather carries this burden. In other words, the lower court may find Rather in contempt if the Chancellor makes the specific findings that Rather has failed to carry his burden of proof in showing his inability to pay.

## III. JAIL SENTENCE

Although he was never jailed, Rather argues that the chancellor erred finding him in contempt and sentencing him to jail because he had testified that he did not have the ability to pay child support. Actually, the chancellor suspended Rather's sentence to allow him time to pay Sheila. In any case, the determination of punishment for contempt falls within the discretion of the chancellor, and we will not reverse on appeal absent manifest error or application of an erroneous legal standard. *Varner*, 666 So. 2d at 496. We find no abuse of discretion by the chancellor in subjecting Rather to the threat of a jail sentence when he found Rather in contempt.

## IV. TESTIMONY REGARDING SUPPORT OF OTHER CHILDREN

In response to the question as to whether Sheila agreed with Rather's request to modify or suspend child support, she remarked that he had fallen behind with child support payments in the past for children from a previous marriage when Sheila and Rather were married. Over Rather's objection, the chancellor allowed Sheila to finish answering the question. No further inquiry was made on direct exam concerning Rather's past. On cross-examination, it was Rather's counsel that brought out the details of Rather's past.

Rule 404(b) of the Rules of Evidence states that evidence of other crimes, wrongs or acts otherwise inadmissible to prove character may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The fact that Rather had been behind before on his child support obligations has a bearing on the chancellor's findings of whether he was in wilful contempt. This may evidence Rather's motives or intent to avoid paying support. Finding no merit to this appeal, we affirm the judgment set forth in the chancery court.

**THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT DENYING A MODIFICATION OF CHILD SUPPORT AND FINDING THE APPELLANT IN WILFUL CONTEMPT IS AFFIRMED. APPLICABLE STATUTORY DAMAGES AND INTEREST SHALL BE AWARDED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

**HINKEBEIN, J., NOT PARTICIPATING.**