KING, C.J., for the Court.
¶ 1. Indymac Bank appeals the Tishom-ingo County Circuit Court’s denial of its motion to set aside a default judgment. On appeal, Indymac presents several issues that will be consolidated into the following: (1) whether the circuit court erred in finding there was proper jurisdiction to hear the case, (2) whether the circuit court erred in denying the motion to set aside the default judgment, pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure, and (3) whether the judgment is void because the court’s award of damages is not supported by the evidence.
FACTS
¶2. On August 16, 2000, James C. Young borrowed $127,000 from Indymac Bank, F.S.B., and executed a deed of trust in favor of Indymac as security. The deed contained an incorrect legal description of property. The deed actually described another property that Young owned and resulted in the bank placing a lien on the wrong property. On July 17, 2001, Young filed suit against Indymac (Cause No. *1288 CV01-0116) and, once Indymac changed the legal description of the property, Young dismissed the suit.
¶ 3. On April 12, 2002, Young filed another suit against Indymac, alleging intentional breach of contract based on Indymac’s failure to correct the deed description in a timely manner.[1] Young argued that this failure violated Mississippi Code Annotated Section 89-5-21 (Supp.2006). He requested $60,000, plus interests, and statutory and punitive damages.
¶ 4. On April 23, 2002, service of process was issued to Kathy Hart, one of Indy-mac’s agents for service of process. Indy-mac failed to answer the complaint and, on May 29, 2002, Young obtained a final default judgment against Indymac in the amount of $60,000, plus $15,000 in attorney’s fees, for a total of $75,000. On October 4, 2004, Indymac filed a motion to set aside the default judgment. On June 15, 2006, the court held a hearing on the motion and denied Indymac’s request.
STANDARD OF REVIEW
¶ 5. This Court reviews motions to set aside default judgments under an abuse of discretion standard. Tatum v. Barrentine, 797 So.2d 223, 227(¶ 15) (Miss.2001). The trial court applies a three-prong balancing test in reviewing a motion to set aside a default judgment, pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure. Stanford v. Parker, 822 So.2d 886, 888(¶ 6) (Miss.2002). Where jurisdictional questions are raised, however, the standard of review is de novo. Trustmark Nat’l Bank v. Johnson, 865 So.2d 1148, 1150(¶ 8) (Miss.2004).
ANALYSIS
(1) Whether the circuit court erred in finding there was proper jurisdiction to hear the case.
¶ 6. Young filed his complaint against Indymac in the Tishomingo County Circuit Court, as an action for damages due to an intentional breach of contract. Indymac argues that the circuit court lacked subject matter jurisdiction to hear the case because Young’s cause of action involved a cloud of title upon real estate. Indymac asserts that Young should have properly filed an action for reformation of the deed of trust in order to clear the cloud of title, an action limited to the jurisdiction of the chancery court.
¶ 7. Mississippi circuit courts are courts of general subject matter jurisdiction while chancery courts maintain special or limited jurisdiction. Hall v. Corbin, 478 So.2d 253, 255 (Miss.1985). According to Article 6, Section 156 of the Mississippi Constitution, circuit courts maintain original jurisdiction for all civil and criminal matters in this state in which the Mississippi Constitution has not already vested into some other court. Hogrobrooks v. Progressive Direct, 858 So.2d 913, 916-17(¶ 10) (Miss.Ct.App.2003).
¶ 8. The Mississippi Constitution establishes the jurisdictional limitations of the chancery court as a court of equity. Article 6, Section 159 of the Mississippi Constitution provides as follows:
The Chancery Court shall have full jurisdiction of the following matters and cases, viz.:
(a) All matters in equity;
(b) Divorce and alimony;
(c) Matters testamentary and of administration;
*1289 (d) Minor’s business;
(e) Cases of idiocy, lunacy, and persons of unsound mind;
(f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.
Miss. Const., art. 6, § 159. The chancery court is given additional jurisdiction over the following types of cases pertaining to real property:
And in addition to the jurisdiction heretofore exercised by the chancery court in suits to try title and to cancel deeds and other clouds upon title to real estate, it shall have jurisdiction in such cases to decree possession, and to displace possession; to decree rents and compensation for improvements and taxes; and in all cases where said court heretofore exercised jurisdiction, auxiliary to courts of common law, it may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted or the legal title established by a suit at law.
Miss. Const., art. 6, § 160. These two provisions define the parameters of the chancery court’s jurisdiction.
¶ 9. Young filed his suit as a intentional breach of contract claim. In ERA Franchise Sys. v. Mathis, 931 So.2d 1278, 1283(¶ 14) (Miss.2006), the supreme court held that the circuit court is in a better position to retain jurisdiction over breach of contract issues than the chancery court. The court acknowledged that recent case law favored allowing equitable claims to be heard before a circuit court when the claims are connected to a contractual relationship or other claims tied to questions of law. Id. The circuit court maintained the proper subject matter jurisdiction to hear Young’s intentional breach of contract claims.
¶ 10. Even if this Court held that Young’s claims did not correctly allege the elements of an intentional breach of contract claim, the trial courts determine whether a claim is legal or equitable by considering the substance, and not the form, of the claims. Copiah Medical Assocs. v. Mississippi Baptist Health Sys., 898 So.2d 656, 661(¶ 16) (Miss.2005). Trial courts resolve questions of whether a complaint is legal or equitable in nature by allowing the circuit courts to maintain jurisdiction over these cases. Id.
(2)Whether the trial court erred in denying the motion to set aside final default judgment under Rule 60(b) of the Mississippi Rules of Civil Procedure.
¶ 11. Rule 60 provides limited grounds for relief from judgments or orders. Under Rule 60(b), a trial court may grant relief based on a sufficient showing of fraud, mistake or other justifiable reason. Williams v. Kelly, 872 So.2d 783, 785(¶ 8) (Miss.Ct.App.2004). Rule 60(b) reads, in pertinent part, as follows:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no *1290 longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time; and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
¶ 12. Indymac filed its motion to set aside judgment under Rule 60(b)(4), alleging the judgment was void. Indymac filed the motion two years and four months after the entry of the default judgment. The trial court denied Indymac’s request, finding Indymac’s motion was not filed within a reasonable time period. The court declined to set aside the judgment that, at the time of the hearing on June 15, 2006, had been in place for four years and one month.
¶ 13. What constitutes a reasonable time period is determined on a ease-by-case basis. Jenkins v. Jenkins, 757 So.2d 339, 344(¶ 11) (Miss.Ct.App.2000) (citing Briney v. United States Fid. & Guar. Co., 714 So.2d 962, 966-67 (Miss.1998)). The court must take into account whether the opposing party has been prejudiced by the delay in seeking relief and whether there is good reason for the defaulting party’s failure to take appropriate actions sooner. Id.
¶ 14. Federal practice guidelines provide guidance in defining the limitations of Rule 60(b). Overbey v. Murray, 569 So.2d 303, 305 (Miss.1990). If the court finds that a judgment is void, according to federal authority, there is no effective time limit because no amount of time or delay may cure a void judgment. Id. at 306 (citing 11 C. Wright & Miller, Federal Practice and Procedure § 2862 (1973)); In re Whitney-Forbes, Inc., 770 F.2d 692 (7th Cir.1985); Triad Energy Corp. v. McNell, 110 F.R.D. 382 (S.D.N.Y.1986). In Over-bey, the court restated the federal rule in saying that “a judgement is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if acted in a manner inconsistent with due process of law.” Overbey, 569 So.2d at 306.
¶ 15. This Court holds that the final default judgment against Indymac is not void. As previously discussed, the Tish-omingo County Circuit Court had jurisdiction over the subject matter and the parties to this action, and was thus entitled to render a judgment in this case. This Court does not find any evidence that the trial court acted in any manner inconsistent with due process.
¶ 16. The trial court did not abuse its discretion in finding Indymac failed to file its motion within a reasonable time period, as required by Rule 60(b)(4). Finding no error in the trial court’s decision to deny the motion to set aside judgment, we affirm as to that issue.
(3) Whether the judgment is void because the court’s award of damages is not supported by the evidence.
¶ 17. The trial court awarded Young a judgment in the sum of $60,000, plus reasonable attorney’s fees in the amount of $15,000, for a total of $75,000, plus interest from May 29, 2002, the date of the judgment, until the judgment was paid in full. The circuit court did not conduct an evidentiary hearing to establish the amount of damages that should have been awarded to Young.
¶ 18. Indymac argues that the court’s judgment is void because the court did not hold an evidentiary hearing regarding the award of damages and the award is unsupported by any evidence in the record. In-dymac also argues that the court awarded *1291 an unreasonable and arbitrary amount of attorney’s fees.
¶ 19. The trial court found that Rule 60(b)(4) required it to first determine if the default judgment was void before it could address the merits of Indymac’s claims regarding the award of damages. The court reasoned that since the default judgment was valid, the issues regarding damages were precluded from the court’s consideration. While the court acknowledged that the damages award probably exceeded the amount of damages Young would be entitled to if an evidentiary hearing was held, the court refused to disturb the finality of the four-year old default judgment.
¶ 20. The trial court was incorrect in finding it was precluded from addressing Indymac’s arguments regarding the award of damages. In Rich ex rel. Brown v. Nevels, 578 So.2d 609, 617 (Miss.1991), the court held that “damages awards must be supported by evidence, and such evidence must be reflected in the record if it is to be affirmed on appeal.” The record is completely void of any evidence to support the damages awards or attorney’s fees. In the absence of supporting evidence, the actual award of damages is void.
¶ 21. This Court affirms the trial court’s denial of the motion to set aside the default judgment. However, the trial court’s award of damages and attorney’s fees is vacated and remanded to the trial court for an evidentiary hearing to determine the appropriate amount of damages and attorney’s fees, if any, that should be awarded.
¶ 22. THE JUDGMENT OF THE TISHOMINGO COUNTY CIRCUIT COURT DENYING THE MOTION TO SET ASIDE DEFAULT JUDGMENT IS AFFIRMED. THE DAMAGES AWARD IS VACATED AND REMANDED FOR AN EVIDENTIARY HEARING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. The record does not actually indicate the duration of time between the time Young filed the suit and when Indymac corrected the deed description.