ROBERTS, J.,
dissenting:
¶ 17. This appeal arises from a traffic accident that occurred on December 12, 2005, in Tuscaloosa County, Alabama. Shirley Alston and Cynthia Walton were guest passengers in Elizabeth Wilson’s car when Wilson, the driver, was involved in a traffic accident with an eighteen-wheeler. Justin P. Pope was operating the eighteen-wheeler on behalf of his employer, T.K. Stanley Inc., a Mississippi corporation domiciled in Wayne County, Mississippi. Alston, Walton, and Wilson were all residents of Alabama.
¶ 18. On November 27, 2007, Shirley and her husband, Robert, sued Pope and T.K. Stanley (the Defendants) in Wayne County Circuit Court.[3] The statute of limitations on the Alstons’ claim would have expired fifteen days later.[4] The Defendants filed a motion to dismiss the Alstons’ complaint based on forum non conveniens. The Defendants argued that the Alabama state court was a more appropriate forum for the Alstons’ lawsuit because: (1) the collision occurred in Tuscaloosa County, Alabama; (2) the Alstons were Alabama residents; (3) Wilson and Walton were Alabama residents; (4) the cause of action and the damages sought were based on application of Alabama law; and (5) virtually all other witnesses were Alabama residents.[5]
¶ 19. As the majority notes, during the hearing on the Defendants’ motion, the Defendants’ lawyer explained that he had not filed the statutory stipulation waiving any claim that the statute of limitations expired during the time while the Alstons’ lawsuit was pending in the Mississippi circuit court. However, the Defendants’ lawyer said he would file the stipulation after the hearing. The Defendants’ lawyer also said he was “certainly ... willing to abide by the [language in the] statute.” After discussing the relevant factors, the circuit court granted the Defendants’ motion to dismiss based on the ground of forum non conveniens. The circuit court instructed the Defendants’ lawyer to prepare a draft *447 order and submit it to the Alstons’ lawyer for review as to form before sending the order to the court for execution. The circuit court also instructed the Defendants’ lawyer to insert language in the order indicating that the Defendants agree “to stipulate to the waiver of the statute[-]of[-]limitation period as well as the acceptance to service of process.”
¶ 20. On October 17, 2008, the Defendants’ lawyer sent the Alstons’ lawyer a letter and a copy of the draft order dismissing the Alstons’ complaint by both fax and regular United States mail. Six days later, the Defendants’ lawyer sent a letter to the circuit court judge. Within that letter, the Defendants’ lawyer said he had sent the draft order to the Alstons’ lawyer per the circuit judge’s instruction, and the Alstons’ lawyer had not responded or objected to any of the language included in the draft order. On October 28, 2008, the circuit court entered the order dismissing the Alstons’ complaint with prejudice. As noted by the majority, that order included the following language:
since [the Alstons’] complaint was filed in this Court on November 27, 2007, before the expiration of the applicable Alabama two[-]year statute of limitations, [the Defendants] waive the right to assert a statute[-]of[-]limitations defense upon the refiling of the action in the Circuit Court [of] Tuscaloosa County, Alabama, pursuant to and as defined by [Mississippi Code Annotated section] 11 — 11—3(4)(b).
The Alstons never filed a motion to amend the circuit court’s order under Rule 52(b) or Rule 59(e) of the Mississippi Rules of Civil Procedure. Likewise, the Alstons did not appeal the circuit court’s final judgment of dismissal.
¶ 21. Mississippi Code Annotated section 11 — 11—3(4)(b) (Rev.2004) provides:
A court may not dismiss a claim under this subsection until the defendant files with the court or with the clerk of the court a written stipulation- that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.
(Emphasis added). Consequently, the two-year Alabama statute of limitations stopped being tolled and began to run again on the day after the circuit court entered its final judgment. Because the Alstons had fifteen days remaining on their statute of limitations when they filed their complaint in Mississippi, they had fifteen days from October 28, 2008, to refile their complaint in Alabama.
¶ 22. Regrettably, the Alstons failed to refile their complaint in Alabama within fifteen days. Instead, they waited until October 15, 2009, to refile their complaint in Alabama, which was approximately one year after the circuit court dismissed their Mississippi suit. The Defendants successfully moved for summary judgment in Alabama on the basis that the statute of limitations on the Alstons’ claim expired approximately sixteen days after the circuit court dismissed the Alstons’ Mississippi lawsuit on the ground of forum non conveniens. The Defendants did not argue the statute of limitations expired during the tolled period between the time the Alstons filed their complaint in Mississippi and the time that the circuit court dismissed it.
*448 1Í23. Approximately eighteen months later, the Alstons filed a motion for relief from the circuit court’s judgment of dismissal pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure. The Alstons argued they were entitled to relief from the circuit court’s judgment because the Defendants never filed the stipulation described in section ll-ll-3(4)(b). The Defendants responded by arguing that the Alstons’ motion was untimely filed. The Defendants also argued the Alstons’ motion lacked merit because: (1) the statutory stipulation was not a condition precedent to the Alstons’ refiling their complaint; (2) the stipulation language was included in the order dismissing the Alstons’ complaint; and (3) the Defendants never argued contrary to the statutory stipulation by claiming the statute of limitations expired during the time the Alstons’ complaint was pending in Mississippi state court. After conducting a hearing on the Alstons’ motion, the circuit court found the Alstons’ motion was untimely filed; and even assuming it was not untimely, it lacked merit. Aggrieved, the Alstons appeal.
¶24. The majority finds the circuit court erred when it granted the Alstons’ motion to dismiss because, according to the majority, the Defendants were required to file a separate stipulation before the circuit court could grant the Defendants’ motion to dismiss. The majority also finds the circuit court erred when it denied'the Alstons’ motion for relief from judgment because the Alstons had good cause for filing their motion approximately eighteen months after the circuit court dismissed their Mississippi complaint. Respectfully, I dissent.
I. MOTION TO DISMISS
¶ 25. The Alstons claim the circuit court did not have authority to dismiss their complaint for forum non conveniens before the Defendants filed a separate stipulation document that met the requirements set forth in section 11 — 11—3(4)(b).[6] The majority is persuaded by the Alstons’ argument. According to the majority, “the Defendants were required to file a written stipulation waiving the statute[-]of[-]limitations defense before the circuit court could dismiss the case on forum non conveniens grounds.” The majority notes the “circuit court’s order stated that ... [the] defendants waive the right to assert a statute[-]of[-]limitations defense upon the refiling of the action in ... Alabama.” Noting the Defendants did not file a separate stipulation document, the majority concludes that “despite them representation to the Mississippi circuit court that they would comply with the statutory waiver, the Defendants did not comply and actually raised the statute[-]of[-]limitations defense in [an] Alabama court.” First and *449 foremost, I find the Alstons’ claim was untimely filed. Second, I respectfully disagree with the substance of the majority’s conclusion for two reasons: (1) the language of section 11 — 11—3(4)(b) contains discretionary language that did not prevent the circuit court from incorporating the stipulation language in the order dismissing the Alstons’ complaint, and (2) the Defendants never raised an argument the stipulation prohibited.
A. TIMELINESS
¶ 26. The circuit court entered its judgment dismissing the Alstons’ complaint on October 28, 2008. The Alstons had thirty days to appeal the circuit court’s decision. M.R.A.P. 4(a). The Alstons did not appeal that decision. They appealed the circuit court’s decision to deny their motion for relief from judgment approximately eighteen months after the circuit court entered its final judgment. “Timely filing of a notice of appeal is jurisdictional.” Busby v. Anderson, 978 So.2d 637, 638-39 (¶ 6) (Miss.2008) (citation omitted). Therefore, I find this Court has no jurisdiction to review the circuit court’s decision to grant the Defendants’ motion to dismiss.
B. THE STIPULATION
¶ 27. Even assuming the Alstons had timely raised this issue, rather than attempting an end-run by arguing the issue by proxy through their motion for relief from judgment, I find the circuit court had the discretion to include the “stipulation” language in the order dismissing the Al-stons’ complaint based on the ground of forum non conveniens. The majority seems to interpret section ll-ll-3(4)(b) as requiring a separate stipulation document. I do not interpret section 11 — 11—3 (4) (b) the same way.
¶ 28. We are to conduct a de novo review of questions involving statutory interpretation. Austin v. Wells, 919 So.2d 961, 964 (¶ 10) (Miss.2006). We are prohibited from broadening or restricting a legislative act. Barbour v. State ex rel. Hood, 974 So.2d 232, 239 (¶13) (Miss.2008). In considering a statute, we must first determine whether it is ambiguous. Id. If it is not ambiguous, we “should simply apply the statute according to its plain meaning and should not use principles of statutory construction.” Id. In either event, our ultimate goal is to “discern and give effect to the legislative intent.” Id.
¶ 29. Section ll-ll-3(4)(b) provides “[a] court may not dismiss a claim under this subsection until the defendant files ... a written stipulation” waiving the right to claim that the statute of limitations expired “in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state” during the tolled period that began on the date that the complaint was filed in a less convenient forum and end[ed] when a Mississippi trial court dis-misse[d] the Mississippi complaint. More simply stated, the Defendants were required to concede that they would not argue that the Alabama statute of limitations expired while the Alstons’ claim was pending in Mississippi.
¶ 30. The Mississippi Supreme Court has held “there is one classic instance when the doctrine of forum non conveniens will never be applied, and that is to dismiss a case if it is barred elsewhere by a statute of limitations, unless or until the defendant is willing to stipulate that he will waive the statute[-]of[-]limitation defense.” Shewbrooks v. A.C. & S., Inc., 529 So.2d 557, 562 (Miss.1988) (superceded by statute on other grounds). The circuit court’s order — initially drafted by the Defendants’ lawyer — included that acknowledgment. Furthermore, section 11 — 11—3(4)(b) states *450 that a circuit court “may not” dismiss a complaint based on the ground of forum non conveniens until a moving party files a written stipulation. “In statutory interpretation, the term ‘may’ indicates a permissive term, not a mandatory term, such as the term ‘shall’ would indicate.” Tunica County v. Hampton Co. Nat. Sur., LLC, 27 So.3d 1128, 1134 (¶ 20) (Miss.2009) (citing Weiner v. Meredith, 943 So.2d 692, 694 (¶ 8) (Miss.2006)). Under the precise circumstances of this case, the circuit court had the discretion to allow the Defendants to include the. stipulation language in the order dismissing the complaint — especially when the Defendants’ lawyer, an officer of the court, stated in open court that his clients would follow the substance of the statutory stipulation.
¶ 31. Most importantly, the Defendants never asserted a claim that was contrary to their promise. Section 11 — 11—3(4)(b) provides that a cause of action is tolled from the time it is filed in an inconvenient forum until the time the inconvenient forum dismisses a cause of action. Once the inconvenient forum dismisses an improperly filed cause of action, the toll lifts, and the statute of limitations begins to run again. Essentially, the “clock” stops when a complaint is filed in an inconvenient forum, and it resumes ticking once the inconvenient forum dismisses the complaint. The Alstons had fifteen days before the statute of limitations ran when they filed their complaint in Mississippi. Once the circuit court dismissed the case for forum non conveniens, the Alstons had fifteen days to file them complaint in Alabama. The Defendants agreed they would not argue that the Alstons’ claim had lapsed during the time it was pending before the circuit court or during the remaining fifteen days after the Alstons’ complaint was dismissed. True to their word, the Defendants did not argue that the statute of limitations had lapsed any time prior to the expiration of the Alstons’ remaining fifteen days to file their complaint.
¶ 32. Even if the Defendants had filed the statutory stipulation, it would have only precluded the Defendants from arguing that the Alabama statute of limitations expired between the time the Alstons filed their complaint in Mississippi and the time the statute of limitation actually expired after the tolling effect of section 11 — 11— 3(4)(b) applied. In other words, the stipulation would have prevented the Defendants from arguing that the statute of limitations expired before fifteen days after October 28, 2008. The stipulation would not have prevented the Defendants from arguing that the statute of limitations expired by the time the Alstons decided to file their suit in the correct forum of Alabama.
¶ 33. To summarize, the majority opinion favors form over substance because the statutory stipulation language was included in the order dismissing the Alstons’ Mississippi complaint. Substance should prevail over form regardless of the label placed on the documents filed with the circuit court. Newell v. Jones County, 731 So.2d 580, 583 (¶ 13) (Miss.1999). In my judgment, there is no substantial distinction between a defendant filing a separate stipulation before a circuit court dismisses a claim based on the ground of forum non conveniens and a defense counsel’s inclusion of the stipulation language in the actual order dismissing a claim based on the ground of forum non conveniens. Additionally, section ll-U-3(4)(b)’s discretionary “may not” language allowed the circuit court to forego the filing of a separate stipulation when the substance of the statute was accomplished by inserting that language in the circuit court’s order. Finally, the Defendants never argued contrary to their assertion they would not argue that the Alstons’ statute of limita *451 tions expired during the time that the Mississippi complaint was pending before the circuit court. However, neither the statute nor the stipulation prevented the Defendants from arguing that the statute of limitations expired when the tolling effect of the statute lifted and the Alstons waited approximately eleven months thereafter to refile their complaint in Alabama. Section 11 — 11—3(4)(b) did not provide the Alstons with some perpetual cause of action that they could refile whenever they chose with absolutely no applicable statute of limitations. Accordingly, I respectfully disagree with the majority’s conclusion that the circuit court committed reversible error when it granted the Defendants’ motion to dismiss.
II. MOTION FOR RELIEF FROM JUDGMENT
¶ 34. Next, I consider the only issue properly before this Court: Whether the circuit court abused its discretion when it denied the Alstons’ Rule 60(b) motion for relief from judgment. The majority concludes the circuit court erred when it denied the Alstons’ Rule 60(b) motion. According to the majority, the circuit court should have found good cause for the Al-stons’ eighteen-month delay in raising their motion. I do not agree. I find the circuit court acted well within its discretion when it denied the Alstons’ motion. It follows that I also dissent from that portion of the majoritys opinion.
¶ 35. “The standard of review when the trial court denies relief under Rule 60 of the Mississippi Rules of Civil Procedure is abuse of discretion.” Burnsed v. Merritt, 38 So.3d 655, 662 (¶42) (Miss.Ct.App.2010) (citing R.N. Tumbow Oil Invs. v. McIntosh, 873 So.2d 960, 963 (¶ 12) (Miss.2004)). A motion arguing that a judgment is void pursuant to Rule 60(b)(4) “shall be made within a reasonable time.” M.R.C.P. 60(b)(4). What constitutes a reasonable time period is determined on a case-by-case basis. Indymac Bank, F.S.B. v. Young, 966 So.2d 1286, 1289 (¶ 13) (Miss.Ct.App.2007) (citations omitted). To determine whether a party filed a Rule 60(b)(4) motion “within a reasonable time,” a reviewing court “must take into account whether the opposing party has been prejudiced by the delay in seeking relief and whether there is good reason for the [moving] party’s failure to take appropriate actions sooner.” Id.
A. PREJUDICE BY THE DELAY
¶ 36. The majority does not discuss this prong of the analysis. Suffice it to say, the majority does not find that the Defendants will not be prejudiced by granting the Alstons’ Rule 60(b)(4) motion. Nevertheless, I find just the opposite.
¶ 37. Postponement of a dispute involving a traffic accident has previously been held to be prejudicial based on the diminishing memories regarding split-second events that occur during traffic accidents. Guar. Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 388 (Miss.1987); Leach v. Shelter Ins. Co., 909 So.2d 1283, 1288-89 (¶ 19) (Miss.Ct.App.2005). Accordingly, I find that this prong supports the conclusion that the circuit court did not abuse its discretion when it found the Alstons’ Rule 60(b)(4) motion was untimely filed.
B. GOOD CAUSE FOR THE DELAY
¶ 38. According to the majority, “[t]he Alstons had good reason for not filing their motion sooner — they were waiting for the Defendants to file the required written stipulation waiving any statute[-]of[-]limitations defense they may have in Alabama as required by statute.” In other words, the majority finds that because the Alstons were waiting for the Defendants to file their stipulation, the Alstons could not have raised their argument (that the judgment was void because the Defendants had *452 not filed their stipulation) any earlier than eighteen months after the circuit court dismissed the Alstons’ complaint.
¶ 39. Before the circuit court dismissed the Alstons’ Mississippi complaint, the Defendants’ lawyer submitted a draft of the order of dismissal to the Alstons’ lawyer for review as to form. The draft order was also accompanied by a letter to the Alstons’ lawyer in which the Defendants’ lawyer encouraged the Alstons to file their suit in Alabama as soon as possible. The Alstons’ lawyer did not respond. He certainly did not object at that time to a lack of a separate stipulation. The Defendants’ lawyer also sent the Alstons’ lawyer a copy of the letter to the circuit court, in which the Defendants asked the circuit court to execute the order if it met the circuit court’s standards. Again, the Alstons’ lawyer did not then object to the lack of a separate stipulation. The Alstons’ lawyer could have claimed a separate stipulation was necessary prior to the circuit court judge’s execution of the order. He did not.
¶ 40. I cannot find good cause for the Alstons’ delay when their basis for waiting eighteen months to file their motion is the same basis as the one they raise in their motion. That rationale existed on the day after the circuit court entered its order dismissing the complaint. It defies logic to find good cause for the Alstons’ eighteen-month delay when they could have raised that exact argument immediately before or shortly after the circuit court entered its order. I cannot conclude the circuit court abused its discretion when it found no good cause for the Alstons’ delay based on the flawed reasoning that the Alstons could not argue the judgment was void for lack of a stipulation any earlier than eighteen months later because the Alstons were still waiting on the Defendants to file the same exact stipulation.
¶41. The majority ■ concludes “the circuit court’s order is void because the court was without authority to dismiss the case based on forum non conveniens prior to the defendant filing the stipulation of waiver.” As authority for its decision, the majority cites Indymac Bank, 966 So.2d at 1290 (¶ 14) for the principle that a judgment is void under Rule 60(b)(4) “if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if [it] acted in a manner inconsistent with due process of law.” Nevertheless, the majority does not specify whether it considers the circuit court’s decision to be erroneous because the circuit court lacked personal jurisdiction, subject-matter jurisdiction, or because the circuit court “acted in a manner inconsistent with due process of law.” I find none of those three circumstances exist in this case. It is undisputed that the circuit court had subject-matter jurisdiction and jurisdiction over the parties. The Alstons pled both in their original complaint. Furthermore, there is absolutely no evidence the circuit court acted “in a manner inconsistent with due process of law.” Due process is satisfied when there is notice and an opportunity to be heard. Harvey v. Stone County Sch. Dist., 982 So.2d 463, 468 (¶ 11) (Miss.Ct.App.2008). “A due[-]process violation so gross as to make the judgment void is extremely rare.” Id. at 469 (¶ 11) (citations and internal quotation omitted). The Alstons never claimed they did not have notice of the hearing on the Defendants’ motion to dismiss. Likewise, the Alstons never claimed the circuit court failed to give them an opportunity to be heard during the hearing on the Defendants’ motion to dismiss. Furthermore, the circuit court’s order in no manner precluded the Alstons from refiling their claim in an Alabama state court within the remaining *453 fifteen days of the applicable statute of limitations. They simply failed to do so.[7]
¶ 42. I would find the Alstons failed to demonstrate that there was good cause for their eighteen-month delay in filing their motion. I further find that the Defendants would be prejudiced by granting the Al-stons’ Rule 60(b)(4) motion. Moreover, I do not find that the circuit court somehow lacked either personal or subject-matter jurisdiction or that the circuit court acted in a manner inconsistent with due process. Therefore, I find the circuit court did not abuse its discretion when it concluded that the Alstons’ Rule 60(b)(4) motion should be denied. Because the majority finds the circuit court abused its discretion, I respectfully dissent.
CARLTON, J., JOINS THIS OPINION.

.There is simply no explanation in the record as to why Alabama residents involved in a traffic accident that occurred in Alabama would choose to file suit in Mississippi. The Alstons' lawyer is licensed in both Alabama and Mississippi. Regardless of whether the Alstons could have filed suit in Mississippi, there is still the matter of whether the Alstons should have filed suit in Mississippi. The Mississippi circuit court had no power of compulsory process to require the attendance of uncooperative or reluctant Alabama resident witnesses. All of the witnesses except Pope are Alabama residents. Furthermore, Mississippi courts and lawyers are relatively unsuited to apply Alabama substantive law on liability and damages which undisputedly applies to this case.

. When a cause of action accrues in another state and the cause of action would be time-barred in that state, the cause of action would also be time-barred in Mississippi. Miss.Code Ann. § 15-1-65 (Rev.2003). Consequently, the Alstons' claim is governed by Alabama’s two-year statute of limitations. Ala.Code § 6-2-38 (2011).

. Wilson sued the Defendants in an Alabama state court. Walton sued the Defendants in an Alabama federal court. Both lawsuits had been resolved before the hearing on the Defendants' motion to dismiss.

. Under the circumstances, the term "stipulation” is misleading or an inaccurate term based on the operation of the statute. A stipulation is, by definition, an "agreement made by the attorneys engaged on opposite sides of a cause ... regulating any matter incidental to the proceedings or trial, which falls within their jurisdiction." Black's Law Dictionary 1415 (6th ed. 1990). The statute requires that the party moving for dismissal on the ground of forum non conveniens waives any defense that the statute of limitations expired during the time that a claim was pending in the inconvenient forum or the period that remained on the statute of limitations after the tolling effect of the statute ends. The Alstons could not "stipulate" to what the Defendants would never argue. Because there can be no unilateral "stipulations,” a more accurate characterization would be a "concession,” "acknowledgment,” or "waiver.” In the context of the statute, if the word "stipulate” means a plaintiff must agree with defense counsel, then a plaintiff could defeat any otherwise meritorious motion raised on the ground of forum non conveniens by simply refusing to "stipulate.” Such an interpretation is nonsensical.

. After closely reviewing the record, I must conclude the essential question in this case arises from the Alstons' counsel’s failure to comprehend fully the effect of section 11-11-3(4)(b). The language in section 11-11-3(4)(b) became law approximately one year before the traffic accident in this case and approximately three years before the Alstons filed their complaint in Mississippi. Apparently the Alstons’ lawyer believed he had an indefinite stay of the statute of limitations that allowed him to refile the Alstons’ lawsuit in Alabama whenever he chose to do so. He simply erred in that conclusion.