BARNETT *v.* NATIONAL SURETY CORPORATION.

(In Banc.   Dec. 6, 1943.)

[15 So. (2d) 775.   No. 35458.]

H. F. Case, of Quitman, and Culkin, Laughlin & Thames, of Vicksburg, for appellant.

530

532

Butler & Snow, of Jackson, and **D. D. Patton**, of Carrollton, Ala., for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an action in the circuit court of Warren County in this state by the appellant Barnett against the National Surety Corporation, surety on the official bond of H. G. Davis, Sheriff of Pickens County, Alabama, to recover damages for a tort committed by the Sheriff in Pickens County, in seizing as contraband certain property belonging to Barnett. The cause is here on the pleadings alone, therefore, the facts are unquestioned. The court below rendered final judgment in favor of the Surety Company dismissing the cause. From that judgment Barnett prosecutes this appeal.

The sole question in the case turns on whether or not the action is transitory or local to the courts of the State of Alabama. The trial court held, and we think rightly, that it was local. We reach that conclusion upon the following considerations: Barnett, a resident of Jasper County in this state, was engaged in this state in the unlawful sale of intoxicating liquors. He went to the State of Illinois and purchased a truck load of liquor which he was transporting through the State of Alabama, including Pickens County, in order to reach Jasper County, Mississippi. Davis was Sheriff of Pickens County. He was required by the laws of Alabama to execute an official bond as such sheriff in the penal sum of $5,000 payable to the state, conditioned upon the faithful performance of his duties as such officer; such bond to have a sufficient surety. Accordingly, he executed the bond here sued on with the National Surety Corporation as surety. While Barnett was passing through Pickens County, Alabama, Davis seized the truck and its contents, the truck being of the value of about $1,000 and the liquors of the value of about $5,600. The seizure was under the guise of enforcing an Alabama statute authorizing such action against contraband intoxicating liquors. Barnett fought the procedure through the courts of Alabama, including the Supreme Court of the state. That

court held that Section 2 of Amendment 21 to the Federal Constitution did not authorize such seizure. That provision of the Constitution is in this language: "The transportation or importation into any state, territory or possession of the United States for delivery or use therein of intoxicating liquors in violation of the laws thereof is hereby prohibited." And the court held that, therefore, under the commerce clause of the Federal Constitution, Art. 1, Sec. 8, cl. 3, Barnett had the right to pass through the state without being molested by the Alabama authorities. Thereafter this suit was brought in this state in a county where the surety on Davis' official bond was doing business and subject to process. The action is against the Surety Company alone and is brought in the name of Barnett and not in the name of Mississippi or Alabama for the benefit of Barnett. Davis, when this suit was brought, was still a resident of Pickens County, Alabama, and the surety was subject to suit in that county.

The basis of the suit is contract, not tort. The suit is on the bond. It is true the breach of the bond consisted of a tort, but that does not make it an action of tort. State for Use of Smith v. Smith, 156 Miss. 288, 125 So. 825.

Going now to the question whether the action is transitory or local to the courts of Alabama, "if the cause of action is one that might have arisen anywhere, then it is transitory; but if it could only have arisen in one place, then it is local. No court will take cognizance of a matter which concerns the internal police regulations of another state." Wharton on Conflict of Laws, p. 711; Cooley on Torts, 471; 67 C. J. 25; 27 R. C. L. 786; Crippen v. Laighton, 69 N. H. 540, 541, 44 A. 538, 46 L. R. A. 467, 76 Am. St. Rep. 192; McLean v. State, 5 Cir., 96 F. (2d) 741, 119 A. L. R. 670; Brower v. Watson, 146 Tenn. 626, 244 S. W. 362, 26 A. L. R. 991; Pickering v. Fisk, 6 Vt. 102.

The Brower case, supra, was a suit in Tennessee against the surety on the bond of a Mississippi sheriff, the ground of the suit was that the sheriff had breached his bond by unlawfully shooting and wounding the plaintiff, which took place in Mississippi. The suit was brought in the name of Brower alone. The Supreme Court of Tennessee held that the courts of that state were without jurisdiction on two grounds: (1) That it ought to have been brought in the name of the state, as required by the statutes of this state; and (2) that the action was not transitory but local to the courts of Mississippi. The opinion discusses the latter question fully and ably.

In the Pickering case, supra, there was involved an action against the surety on the bond of a sheriff in New Hampshire. The Vermont court held that the action was not transitory and jurisdiction was confined to the courts of New Hampshire.

In considering this question the differences in the governing statutes of the two states with reference to who may sue and the procedure, should be taken into consideration in determining whether the action is transitory or local. Title 41, Sec. 104, of the Alabama Code of 1940, provides that a suit on any bond may be brought in the county of the residence of the principal or in which he resided at the time of the execution of the bond, but a suit by the state may be brought in Montgomery County. Title 41, Sec. 50, of that Code, provides that the official bond shall be for the use and benefit of any person injured by the wrongful act committed under color of office. The Alabama law authorizes suit on official bond against a surety alone, while our statute, Section 3309, Code of 1930, provides that remedy on a sheriff's bond shall be joint and several against all or any one or more of the obligors, but in all suits thereon against the surety or sureties the liability of the sheriff shall be first fixed, except when the sheriff is a party to the suit, or has died, or removed, or is not found. The fact of the inconvenience that would result from a trial in this state should

be considered. The whole transaction took place in another state. The indications are that all of the witnesses are there, except the plaintiff. In Strickland v. Humble Oil & Refining Co., 194 Miss. 194, 11 So. (2d) 820, although not in point on its facts, the court in that case declined jurisdiction on the ground of inconvenience and held that the parties should be relegated to another state.

Furthermore, if the full penalty of the bond should be recovered in an action in another state, the sheriff would be without a bond in his home state, unless the proper home authorities were notified of the recovery and required a new bond. The sheriff might be the only person in his state who knows of such recovery. If he is not the right sort of man he might yield to the temptation to go on without a bond.

The Alabama statutory regulations referred to are governmental and are so intimately connected with the rights of the parties that it cannot be said that this action was transitory.

Affirmed.