RUSSELL, J.,
for the Court:
¶ 1. Shirley and Robert Alston appeal the decision of the Wayne County Circuit Court denying their motion for relief from judgment. Upon review, we find that the circuit court abused its discretion in denying the Alstons’ motion. Therefore, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 12, 2005, Shirley was a passenger in a vehicle that collided with a vehicle driven by Justin Pope in Tuscaloosa, Alabama. Pope was within the course and scope of his employment operating a vehicle owned by his employer, T.K. Stanley, Inc. (T.K. Stanley), at the time of the accident. On November 27, 2007, Shirley and her husband, Robert, filed suit in the Circuit Court of Wayne County, Mississippi against Pope and T.K. Stanley (“Defendants”) asserting negligence as their cause of action. Pursuant to Mississippi Code Annotated section 11-ll-S(l)(a)(i) (Rev.2004), “[cjivil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.” One of the defendants in this case, Pope, resides in Mississippi, and T.K. Stanley, the other defendant, has its principal place of business in Mississippi. In the instant case, venue was proper in both Mississippi and Alabama. Litigants are not required to explain their reasons for choosing one venue over another so long as they choose one which is proper.
¶ 3. On January 25, 2008, the Defendants filed their motion to dismiss on the basis of forum non conveniens. On October 14, 2008, a hearing was held on Defendants’ motion to dismiss. At that hearing, Defendants argued that Alabama would be the more appropriate forum. In response, the Alstons argued that the Defendants were required to file a written stipulation agreeing to waive any statute-of-limitations defense they might have in an Alabama state court.[1] Specifically, counsel for the Alstons stated:
So I think the [cjourt has a balancing [test] to engage in, and I grant you that the [c]ourt may decide on balance that my lawsuit should be over in Alabama; and if it does, the relief I’d request from the [cjourt in that regard is the requirement that [the defendants] stipulate to a *442 waiver of the statute of limitations and accept service of process.
¶ 4. In response, counsel for the Defendants made the following statement to the circuit court:
In regard[ ] to the statute requiring stipulation of the waiver of statute of limitations, I admit, your Honor, that was an oversight of not having done so beforehand. It was just kind of the path this took. But we certainly don’t — we certainly are willing to abide by the statute. So in the event the [cjourt is inclined to dismiss this and — such that it be re-filed in Alabama, we’ll certainly file the necessary stipulation as soon as I leave here today.
The Defendants never filed a written stipulation waiving their statute-of-limitations defense. On October 28, 2008, the circuit court entered its order and final judgment dismissing the case with prejudice, which reads, in pertinent part, as follows:
Having read the motions and briefs and having heard the arguments of the parties, the Court finds that all factors as annunciated in [Missouri Pacific R. Co. v. Tircuit, 554 So.2d 878, 882 (Miss.1989) ] and Miss.Code Ann. § 11-11-3 weigh in favor of dismissal of plaintiffs’ complaint based on the doctrine of forum non conveniens and, therefore, the case is dismissed and shall be re[-]filed by the plaintiffs in the more convenient jurisdiction of the Circuit Court of Tuscaloosa County, Alabama. Further, the Court find that since plaintiffs’ complaint was filed in this Court on November 27, 2007, before the expiration of the applicable Alabama two[-]year statute of limitations, [the] defendants waive the right to assert a statute of limitations defense upon the refiling of the action in the Circuit Court [of] Tuscaloosa County, Alabama, pursuant to and as defined by Miss.Code Ann. § 11 — 11—3(4)(b). Lastly, ... the Court finds that the defendants stipulate to accept service of process through service upon their attorney.
¶ 5. On October 15, 2009, the Alstons refiled their complaint in Tuscaloosa County, Alabama. Thereafter, the Defendants filed a motion for summary judgment in the Alabama proceeding, asserting a statute-of-limitations defense.
¶ 6. On May 12, 2010, the Alstons filed their motion for relief from judgment in the Mississippi circuit court. The Alstons argued that the judgment dismissing the action on the ground of forum non conve-niens was void because the Defendants failed to file a written stipulation waiving the right to assert a statute-of-limitations defense in Alabama in accordance with Mississippi Code Annotated section 11 — 11— 3(4)(b) (Rev.2004).
¶ 7. On July 12, 2010, the Alabama circuit court granted the Defendants’ motion for summary judgment due to the running of Alabama’s two-year statute of limitations for negligence actions.
¶ 8. On September 30, 2010, the circuit court in Mississippi entered its judgment denying the Alstons’ motion for relief from judgment. The circuit court found that the Alstons’ motion under Mississippi Rule of Civil Procedure 60(b) was untimely filed, but even if it had been timely filed, the Alstons’ argument — that the judgment of dismissal was void — was without merit.
¶ 9. The Alstons timely appealed the circuit court’s judgment denying their motion for relief from judgment. We face three issues on appeal: (1) whether the language in Mississippi Code Annotated section 11-11 — 3(4)(b), which requires a defendant to file a written stipulation waiving any statute-of-limitations defense that the defendant might have in another jurisdiction, is a prerequisite to dismissing a Mississippi *443 action on the ground of forum non conve-niens; (2) whether the circuit court’s order dismissing the case based on forum non conveniens is void; and (8) whether the circuit court abused its discretion in denying the Alstons’ Rule 60(b) motion on the basis that the motion was untimely filed. We will address issues one and two together.
DISCUSSION
I. Whether the language in section 11 — 11—3(4)(b) operates as a prerequisite to the dismissal of a Mississippi action on the ground of forum non conveniens and whether the order dismissing the case is void.
¶ 10. A circuit court’s dismissal of a suit based on the doctrine of forum non conveniens will be reversed “if the trial court abused its discretion or applied an erroneous legal standard[.]” Poole v. Am. Pub. Life Ins. Co., 878 So.2d 1102, 1108 (¶ 6) (Miss.Ct.App.2004) (citing Metro. Life Ins. Co. v. Aetna Cas. & Sur. Co., 728 So.2d 573, 575 (¶ 7) (Miss.1999)). According to the Alstons, the circuit court erred in dismissing their Mississippi action because the Defendants failed to file a written stipulation agreeing to waive any statute of limitations defense they might have had in Alabama pursuant to Mississippi Code Annotated section 11 — 11—3(4)(b). Section 11 — 11—3(4)(b) provides:
A court may not dismiss a claim under this subsection until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.
(Emphasis added). The Mississippi Supreme Court has held that “there is one classic instance when the doctrine of forum non conveniens will never be applied, and that is to dismiss a case if it is barred elsewhere by a statute of limitations, unless or until the defendant is willing to stipulate that he will waive the statute of limitation defense.” Shewbrooks v. A.C. & S., Inc., 529 So.2d 557, 562 (Miss.1988) (superceded by statute on other grounds). Our supreme court further noted that “[t]o insure an alternative forum is available, the overwhelming authority in this country requires a defendant to waive the statute of limitations before the court will grant a forum non conveniens transfer.” Id. (emphasis added).[2] Moreover, “[federal district courts of this state, as a condition precedent to sustaining a forum non conve-niens transfer motion, require the defendant to waive any statute of limitations defense.” Id. at 563 (citing Tisdale v. Stone & Webster Corp., 595 F.Supp. 1016, 1020 (S.D.Miss.1984)). Similarly, Georgia requires, as a mandatory condition precedent, a written stipulation be filed prior to the dismissal of an action on the basis of forum non conveniens. See Hewett v. Raytheon Aircraft Co., 273 Ga.App. 242, 614 S.E.2d 875, 881 (2005) (holding that “a *444 written stipulation ‘fil[ed] with the court or with the clerk of court’ is a mandatory condition precedent to the dismissal of a case under the doctrine of forum non con-veniens”).
¶ 11. In the instant case, the Defendants were required to file a written stipulation waiving the statute of limitations defense before the circuit court could dismiss the case on the ground of forum non conveniens. Miss.Code Ann. § 11 — 11— 3(4)(b). The statute does not permit “oral” stipulations. To this day, the Defendants have failed to file any such written waiver despite the statutory mandate as well as the defense counsel’s representation to the circuit court that they would do so on the day of the hearing on Defendants’ motion to dismiss. Additionally, the circuit court’s order stated that “since [the] plaintiffs’ complaint was filed in this Court on November 27, 2007, before the expiration of the applicable Alabama two[-]year statute of limitations, [the] defendants waive the right to assert a statute of limitations defense upon the refiling of the action in the Circuit Court [of] Tuscaloosa County, Alabama, pursuant to and as defined by [section] 11 — 11—3(4)(b).” The Defendants ignored the circuit court’s order, the plain language of the statute, and their own prior representations to the circuit court that they would file the written waiver. Most troubling, however, is the fact that despite their representation to the Mississippi circuit court that they would comply with the statutory waiver, the Defendants did not comply and actually raised the statute-of-limitations defense in an Alabama court, resulting in the case being dismissed on statute-of-limitations grounds. Such actions on the part of Defendants’ counsel give this Court great concern. The overall effect of Defendants’ actions was to prevent the Alstons from having their day in court on the merits. The Alstons’ case was dismissed in Mississippi with prejudice, subsequently suit was filed in the Alabama court, and finally dismissed in Alabama on the expiration of the statute of limitations. Thus, the Al-stons have not had an opportunity to present their case and have the merits fairly judged. See Albert v. Allied Glove Corp., 944 So.2d 1, 6 (¶ 16) (Miss.2006) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)). The filing of the written stipulation is a condition precedent to dismissal. Therefore, we find that the circuit court’s order is void because the court was without authority to dismiss the case under the doctrine of forum non conveniens prior to the defendant filing the stipulation of waiver. See Indymac Bank, F.S.B. v. Young, 966 So.2d 1286, 1290 (¶ 14) (Miss.Ct.App.2007) (noting that a judgment is void under Rule 60(b)(4) “if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if [it] acted in a manner inconsistent with due process of law”).
II. Whether the circuit court abused its discretion in denying the Al-stons’ Rule 60(b) motion on the basis that the motion was untimely filed.
¶ 12. “This Court’s standard of review of the denial of a Rule 60 motion is abuse of discretion.” Jernigan v. Young, 61 So.3d 233, 235 (¶ 12) (Miss.Ct.App.2011) (citing In re Dissolution of Marriage of De St. Germain v. De St. Germain, 977 So.2d 412, 416 (¶ 7) (Miss.Ct.App.2008)). Mississippi Rules of Civil Procedure Rule 60(b)(4) “provides for relief from a judgment or order on the basis that the judgment is void.” Gambrell v. Gambrell, 644 So.2d 435, 439 (Miss.1994). Specifically, Rule 60(b) provides, in pertinent part, as follows:
*445 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
[[Image here]]
(4) the judgment is void;
[[Image here]]
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
M.R.C.P. 60(b) (emphasis added). Thus, while there is a six-month time limit to file a Rule 60(b) motion under subsections (1)-(3), a motion under subsection (4) of the rule must be filed “within a reasonable time.” Id. “What constitutes a reasonable time period is determined on a case-by-case basis.” Indymac Bank, 966 So.2d at 1290 (¶ 13) (citing Jenkins v. Jenkins, 757 So.2d 339, 344 (¶ 11) (Miss.Ct.App.2000)). For purposes of timeliness, we consider “whether the opposing party has been prejudiced by the delay in seeking relief and whether there is good reason for the defaulting party’s failure to take appropriate actions sooner.” Id.
¶ 13. In this case, the order and final judgment was entered by the circuit court on October 28, 2008, and the Alstons filed their motion for relief of judgment under Rule 60(b)(4) on May 12, 2010— approximately a year and a half later. As noted by the circuit court, the reason for the Alstons’ delay in filing their motion was that “they were waiting for the Defendants to tender the proper stipulations to the [cjourt waiving any statute of limitations defense they may have [had] in Alabama.” The circuit court found that this argument was without merit because “refiling their lawsuit in Alabama was not conditioned upon the Defendants filing the stipulation in [the circuit court] waiving their statute of limitations defense.” The circuit court found that the Alstons’ motion was not filed within a reasonable time period.
¶ 14. Because we have already determined that the circuit court’s order and judgment entered on October 28, 2008, is void, the timeliness of the Alstons’ Rule 60 motion is now moot. Nevertheless, we disagree with the circuit court’s decision and find that the Alstons’ motion was made within a reasonable time. The Al-stons had good reason for not filing their motion sooner — they were waiting for the Defendants to file the required written stipulation waiving any statute-of-limitations defense they might have in Alabama as required by statute. See Miss.Code Ann. § ll-ll-3(4)(b). Moreover, counsel for Defendants represented to the circuit court at the hearing that he would “certainly file the necessary stipulation as soon as I leave here today.” Accordingly, we find that the circuit court abused its discretion in finding that the Alstons failed to file their motion within a reasonable time.
CONCLUSION
¶ 15. We find that the circuit court’s judgment is void because the circuit court lacked the authority to dismiss the claim in the absence of the Defendants filing a written stipulation. We further find the Alstons’ Rule 60 motion was timely filed. Therefore, we reverse the judgment of the circuit court dismissing the case on the ground of forum non conveniens and remand this case to the Circuit Court of Wayne County to reinstate the case for adjudication on the merits.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS *446 OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING, P.J., BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLTON, J. GRIFFIS, P.J., MAXWELL AND FAIR, JJ., NOT PARTICIPATING.

. Alabama has a two-year statute of limitations for negligence actions, while Mississippi has a three-year statute of limitations for negligence actions. See Ala.Code § 6-2-38 (2011); Miss.Code Ann. § 15-1-49 (Rev. 2003). The Alstons filed their complaint prior to the expiration of the two-year statute of limitations in Alabama and prior to the expiration of the three-year statute of limitations in Mississippi.

. The Shewbrooks court noted the following jurisdictions require a waiver of the statute-of-limitations defense before granting a forum-non-conveniens transfer: California, Colorado, Connecticut, District of Columbia, Illinois, Kansas, Maine, Michigan, Missouri, New Hampshire, New Mexico, New York, North Carolina, and Pennsylvania. Id. at 562-63.