ON WRIT OF CERTIORARI

PIERCE, Justice,
for the Court:
¶ 1. Shirley and Robert Alston filed suit in the Wayne County Circuit Court against Justin P. Pope and T.K. Stanley, Inc. (“Defendants”), seeking damages they claim resulted from a motor-vehicle accident in Tuscaloosa, Alabama. The circuit. court dismissed the case on grounds of forum non conveniens. The Alstons then filed suit in Alabama. The suit was dismissed because Alabama’s statute of limitations for the claim had expired. The Alstons thereafter filed a motion for relief from judgment, under Rule 60(b) of the Mississippi Rules of Civil Procedure, in the Wayne County Circuit Court. The Al-stons claimed the circuit court’s previous dismissal was void because Defendants had failed to file a written stipulation with the court, waiving the right to assert a statute-of-limitations defense. The circuit court denied the Alstons’ motion and the Alstons appealed. The Court of Appeals reversed and remanded the matter for an adjudication on the merits after finding the circuit court abused its discretion by denying the Alstons’ Rule 60(b) motion.
¶ 2. Defendants petitioned this Court for a writ of certiorari, which we granted. Having found that the Court of Appeals erred in reversing the circuit court’s decision to deny the Alstons’ Rule 60(b) motion, we reverse the Court of Appeals’ decision. We reinstate and affirm the circuit court’s judgment denying the Alstons’ Rule 60(b) motion.
BACKGROUND FACTS AND PROCEEDINGS
¶ 3. On December 12, 2005, Shirley Alston, an Alabama resident, was a passenger in a vehicle that collided with an eighteen-wheeler driven by Justin Pope in Tuscaloosa, Alabama. Pope, a Mississippi resident, was operating the eighteen-wheeler on behalf of his employer T.K. Stanley Inc., a Mississippi corporation with its principal place of business in Wayne County.
¶ 4. On November 27, 2007, Shirley and her husband, Robert, filed a negligence action in Wayne County Circuit Court against Pope and T.K. Stanley.[1] On Janu *424 ary 25, 2008, Defendants filed a motion to dismiss on forum non conveniens grounds.[2]
¶ 5. On October 14, 2008, the court conducted a hearing on Defendants’ motion to dismiss. At the hearing, Defendants argued that Alabama was the most appropriate forum for resolution of the Alstons’ claim. In response, the Alstons argued that Defendants were required to file a written stipulation waiving the right to assert a statute-of-limitations defense, but failed to do so.[3] Specifically, counsel for the Alstons stated:
So I think the [c]ourt has a balancing [test] to engage in, and I grant you that the [c]ourt may decide on balance that my lawsuit should be over in Alabama; and if it does, the relief I’d request from the [c]ourt in that regard is the requirement that [Defendants] stipulate to a waiver of the statute of limitations and accept service of process.
In response, counsel for Defendants stated:
In regard[ ] to the statute requiring stipulation of the waiver of statute of limitations, I admit, your Honor, that was an oversight of not having done so beforehand. It was just kind of the path this took. But we certainly don’t — we certainly are willing to abide by the statute. So in the event the [c]ourt is inclined to dismiss this and — such that it be re-filed in Alabama, we’ll certainly file the necessary stipulation as soon as I leave here today.
Same thing goes for the service of process acceptance. I mean, there’s — we don’t dispute any Mississippi law on that topic, so anything that’s necessary in that regard will certainly be followed.
¶ 6. The following exchange then occurred:
BY THE COURT: All right. Well, the [c]ourt has considered the motions that are filed by the Defendant, the response filed by the Plaintiff as well as the memorandum of the law that’s been provided to the [c]ourt by the *425 Defendant and the arguments of Counsel.
The [c]ourt is considering all the factors and the involvement of the witnesses possibly in the future. All of these factors taken together, the [c]ourt finds that the motion is going to be granted. I am going to accept Defendants’ statement that he does agree as he-the [c]ourt-since he’s agreeing to that, the [c]ourt will put in the order that the Defendant agrees to stipulate to the waiver of the statute of limitation period as well as the acceptance to service of process.
BY MR. BERRY: Your Honor, will the [c]ourt be drafting that order, or would you like us to draft it?
BY THE COURT: I’d like you to draft it since it’s your motion.
[[Image here]]
And if you’d submit that to Mr. Mag-gio for his approval as to form and submit it to the Court, and I’ll sign it and mail y’all a copy of it.
(Emphasis added.)
¶ 7. The statute referred to by the attorneys is Mississippi Code Section 11-11-3(4)(b). It states:
A court may not dismiss a claim under this subsection until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.
Miss.Code Ann. § 11 — 11—8(4)(b) (Rev. 2004).
¶ 8. When the Alstons filed suit in Wayne County on November 27, 2007, fifteen days remained before their claim would be barred by Alabama’s two-year statute of limitations. For purposes of Section 11 — 11—3(4)(b), Alabama’s two-year statute of limitations stopped running and began tolling when the Alstons filed their complaint in Mississippi.
¶ 9. On October 17, 2008, after the dismissal hearing, counsel for Defendants sent the Alstons’ lawyer a copy of the draft order dismissing their complaint. Six days later, Defendants’ counsel sent a letter to the circuit court judge. In that letter, Defendants’ counsel said he had sent the draft order to the Alstons’ lawyer, per the circuit judge’s instruction, and the Alstons’ lawyer had not responded or objected to any of the language included in the draft order.
¶ 10. On October 28, 2008, the circuit court entered the order dismissing the Al-stons’ complaint. The order included the following language:
Having read the motions and briefs and having heard the arguments of the parties, the Court finds that all factors as annunciated [sic] in [Missouri Pacific R. Co. v. Tircuit, 554 So.2d 878, 882 (Miss.1989)] and Miss.Code Ann. § 11-11-3 weigh in favor of dismissal of [the Al-stons’] complaint based on the doctrine of forum non conveniens and, therefore, the case is dismissed and shall be refiled by the [Alstons] in the more convenient jurisdiction of the Circuit Court of Tuscaloosa County, Alabama. Further, the Court finds that since [the Alstons’] complaint was filed in this Court on November 27, 2007, before the expiration of the applicable Alabama two[-]year statute of limitations, [Defendants] waive the right to assert a stat *426 ute[-]of [-limitations defense upon the refiling of the action in the Circuit Court [of] Tuscaloosa County, Alabama, pursuant to and as defined by [Mississippi Code Section] 11 — 11—3(4)(b).
¶ 11. The Alstons did not file their complaint in Alabama until October 15, 2009, approximately one year after the circuit court dismissed their Mississippi suit. Defendants successfully moved for summary judgment in Alabama on the basis that Alabama’s statute of limitations had expired sixteen days after the Mississippi circuit court had dismissed the Alstons’ lawsuit on forum non conveniens grounds.
¶ 12. On May 12, 2010, the Alstons filed a Rule 60(b) motion in Wayne County, seeking relief from the circuit court’s order dismissing their original complaint filed in Mississippi. The Alstons asserted they were entitled to relief from the order because Defendants never filed the required written stipulation pursuant to Section 11-11 — 3(4)(b). After a hearing, the circuit court found the Alstons’ Rule 60(b) motion was both untimely and without merit.
¶ 13. The Alstons appealed. The case was assigned to the Court of Appeals, which reversed the circuit court’s judgment and remanded the matter to the circuit court for an adjudication on the merits. Alston v. Pope, 112 So.3d 439, 2012 WL 266856 (Miss.Ct.App.2012). The Court of Appeals held that the circuit court’s order dismissing the Alstons’ original complaint was void. Id. The Court of Appeals found that the circuit court was without authority to dismiss the case under the doctrine of forum non conveniens without Defendants’ stipulation of waiver. Id. The Court of Appeals reasoned that Section ll-ll-3(4)(b) does not permit oral stipulations, and the filing of a written stipulation is a mandatory condition precedent to dismissal. Id.
DISCUSSION
¶ 14. We find the waiver requirement provided by Section ll-ll-3(4)(b) was sufficiently complied with in this instance. Accordingly, the Court of Appeals erred in reversing the circuit court’s decision to deny the Alstons’ Rule 60(b) motion.
¶ 15. Section 11-11-3, Mississippi’s general venue statute, was amended in 2004, effectively codifying the common-law doctrine of forum non conveniens, which this Court first recognized in 1943 in Strickland v. Humble Oil & Refining Co., 194 Miss. 194, 11 So.2d 820 (1943); and later that year, in Barnett v. National Surety Corp., 195 Miss. 528, 15 So.2d 775 (1943).[4] The common-law doctrine simply allows a court to dismiss a case-even where jurisdiction is authorized-upon determination that the plaintiffs chosen forum is a “seriously inconvenient forum” and a more suitable forum is available elsewhere. Missouri Pac. R. Co. v. Tircuit, 554 So.2d 878, 881-82 (Miss.1989) (quoting Restatement (Second) of Conflicts of Laws, § 84 (1971)).
*427 ¶ 16. The waiver requirement set forth by Section 11 — 11—3(4)(b) is consistent with the principles enunciated by this Court in Shewbrooks v. A.C. & S., Inc., 529 So.2d 557 (Miss.1988), superceded by statute as stated in Albert v. Allied Glove Corp., 944 So.2d 1 (Miss.2006). The Court of Appeals relied on language contained in the Shew-brooks decision in reaching its holding for this case. But, as will be explained, Shew-brooks must be put into its proper context.
¶ 17. In Shewbrooks, two nonresident Delaware plaintiffs brought tort claims in the Hinds County Circuit Court against eighteen nonresident defendants licensed to do business in this state. Shewbrooks, 529 So.2d at 559. The circuit court dismissed the suit on the grounds of lack of personal jurisdiction over the defendants and forum non conveniens. Id. This Court reversed the circuit court, finding that the circuit court did have jurisdiction and the plaintiffs had no alternative forum available in which to sue because their actions were barred by the statute of limitations in all other states. Id. at 559-68. At the time, Mississippi had a six-year statute of limitations for tort actions under Mississippi Code Section 15-1-49 (1972). That Section was amended in 1989 to provide a three-year limitation period.
¶ 18. As noted by the Court of Appeals, the Shewbrooks Court, discussing the doctrine of forum non conveniens, held:
[Tjhere is one classic instance when the doctrine of forum non conveniens will never be applied, and that is to dismiss a ease if it is barred elsewhere by a statute of limitations, unless or until the defendant is willing to stipulate that he will waive the statute of limitation defense.
Id. at 562. Shewbrooks further provided, “To insure an alternative forum is available, the overwhelming authority in this country requires a defendant to waive the statute of limitations before the court will grant a forum non conveniens transfer.” Id. (citations omitted).
¶ 19. We point out, though, that when Shewbrooks was decided, the former version of Mississippi’s borrowing statute, Mississippi Code Section 15-1-65 (1972), controlled. It provided:
[Wjhen a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.
Speaking to that version, the Shewbrooks Court held:
We have consistently held that this statute applies only to a nonresident who moves to this State after the statute has run on the cause in the other state. It does not apply to the factual situation presented here, and in cases such as this our Mississippi statute of limitations applies.
Shewbrooks, 529 So.2d at 561.
¶20. Notably, the Mississippi Legislature amended Section 15-1-65 in 1989 following the Shewbrooks decision. The section now provides:
When a cause of action has accrued outside of this state, and by the laws of the place where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state’s law on the period of limitation shall apply.
Miss.Code Ann. § 15-1-65 (Rev.2012).
¶ 21. Under present law, the Shew-brookses’ tort claims would have been *428 barred. See, e.g., Patton v. Mack Trucks, Inc., 556 So.2d 679, 680 n. 1 (Miss.1989) (where Justice Robertson stated in dicta that Section 15-1-65, as amended, “effectively ends this state’s days as a home for unpled foreign torts”). Thus, this Court’s forum non conveniens discussion in Shew-brooks must be considered accordingly.
¶ 22. That said, Section 15-1-65 is not at issue in the instant case. As the facts demonstrate, at the time the Alstons originally filed suit in Mississippi, fifteen days remained before Alabama’s two-year limitation period expired on the Alstons’ tort claims. Thus, unlike in Shewbrooks (when it was decided), the Alstons had an alternative forum in which to bring suit.
¶23. For purposes of Section 11 — 11— 3(4)(b), once the circuit court dismissed their suit in Mississippi, the Alstons had fifteen days to file suit Alabama. But, as mentioned, they did not file suit in Alabama until approximately one year after the circuit court had dismissed their suit in Mississippi.
¶ 24. On the question of Section 11 — 11—3(4)(b)’s waiver requirement, we agree with Judge Roberts’s dissent, in that we can see “no substantial distinction between a defendant filing a separate stipulation before a circuit court dismisses a claim based on the ground of forum non conveniens and a defense counsel’s inclusion of the stipulation language in the actual order dismissing a claim on the ground of forum non conveniens.” Alston, 112 So.3d 439 at 450 (Roberts, J., dissenting). Section ll-ll-3(4)(b) simply requires proof that the defendants have waived “any defense that the statute of limitations expired during the time that a claim was pending in the inconvenient forum or the period that remained on the statute of limitations after the tolling effect of the statute ends.” Alston, 112 So.3d 439 at 449 n. 6 (Roberts, J., dissenting). Such proof was established here with the circuit court’s filed written order, drafted by Defendants’ counsel and delivered to the Al-stons’ counsel via fax and mail for preview, with no response or objection interposed from the Alstons’ counsel.
CONCLUSION
¶25. Accordingly, we find the circuit court did not abuse its discretion by denying the Alstons’ Rule 60(b) motion. We reverse the Court of Appeals’ decision and reinstate and affirm the circuit court’s judgment denying the Alstons’ Rule 60(b) motion.
¶ 26. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. DICKINSON, P.J., NOT PARTICIPATING.

. Pursuant to Mississippi Code Section 11-ll-3(l)(a)(i),
[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission *424 occurred or where a substantial event that caused the injury occurred.
Miss.Code Ann. § 11-1 l-3(l)(a)(i) (Rev.2004).

. Mississippi Code Section § 11 — 11—3(4)(a) provides:
[i]f a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state or in a different county of proper venue within this state, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. In determining whether to grant a motion to dismiss an action or to transfer venue under the doctrine of forum non conveniens, the court shall give consideration to the following factors:
(i) Relative ease of access to sources of proof;
(ii) Availability and cost of compulsory process for attendance of unwilling witnesses;
(iii) Possibility of viewing of the premises, if viewing would be appropriate to the action;
(iv) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his remedy;
(v) Administrative difficulties for the forum courts;
(vi) Existence of local interests in deciding the case at home; and
(vii) The traditional deference given to a plaintiff's choice of forum.
Miss.Code Ann. § 11-1 l-3(4)(a) (Rev.2004).

. Alabama has a two-year statute of limitations for negligence actions, while Mississippi has a three-year statute of limitations for negligence actions. See Ala.Code § 6-2-38 (2011); Miss.Code Ann. § 15-1-49 (Rev. 2003).

. In Strickland, we held that, as an equitable matter, a chancery court could decline to settle a title dispute to land located in another state. See Strickland v. Humble Oil & Refining Co., 194 Miss. 194, 11 So.2d 820 (1943) (“We are unable to see how a Mississippi Court could settle the question of title to lands in Texas so that such decree would be res adjudicata of the question in that State.”). Further, in Barnett, we held a circuit court could refuse to exercise jurisdiction over an action against an Alabama sheriff on his surety bond because the action implicated the internal police regulations of another state. See Barnett 15 So.2d at 776 ("The Alabama statutory regulations referred to are governmental and are so intimately connected with the rights of the parties that it cannot be said that this action was transitory.”).