# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00178-COA

**KIMBERLEE WILLIAMS**                                                    **APPELLANT**


v.


**LIBERTY MUTUAL FIRE INSURANCE**                          **APPELLEES**
**COMPANY OR LIBERTY MUTUAL**
**INSURANCE GROUP, INC. AND LINDSEY**
**STAFFORD**

DATE OF JUDGMENT:               01/10/2014
TRIAL JUDGE:                    HON. ROBERT P. CHAMBERLIN
COURT FROM WHICH APPEALED:      DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         DRAYTON D. BERKLEY
ATTORNEYS FOR APPELLEES:        CLIFFORD KAVANAUGH BAILEY III
                                JEREMY DALE HAWK
                                JAMES LEROY BANKS IV
NATURE OF THE CASE:             CIVIL - PROPERTY DAMAGE
TRIAL COURT DISPOSITION:        GRANTED LIBERTY MUTUAL'S MOTION
                                TO DISMISS FOR FORUM NON
                                CONVENIENS AND GRANTED
                                STAFFORD'S MOTION TO DISMISS FOR
                                LACK OF PERSONAL JURISDICTION
DISPOSITION:                    AFFIRMED IN PART, REVERSED AND
                                RENDERED IN PART, AND REVERSED
                                AND REMANDED IN PART: 07/21/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Kimberlee Williams filed suit against Lindsey Stafford in DeSoto County Circuit

Court for damages stemming from an automobile accident. Williams later joined Liberty

Mutual Fire Insurance Company (Liberty Mutual). Liberty Mutual and Stafford filed

separate motions to dismiss, citing forum non conveniens and lack of personal jurisdiction, respectively. The circuit court granted both motions and dismissed the suit with prejudice as to Stafford and without prejudice as to Liberty Mutual. Williams appeals.

FACTS AND PROCEDURAL HISTORY

¶2. Williams and Stafford were involved in an automobile accident in Shelby County, Tennessee, on December 15, 2011. Williams, a Tennessee resident, sued Stafford in DeSoto County, Mississippi, on December 17, 2012. Williams alleged Stafford negligently caused the accident and sought compensatory and punitive damages.

¶3. In the complaint, Williams alleged Stafford was a resident of Southaven, Mississippi. On April 26, 2013, the circuit court granted Williams a 120-day extension to serve Stafford with process. Williams served Stafford with the summons and complaint in Tennessee on May 15, 2013.

¶4. Stafford entered an appearance in the case and filed a motion to dismiss for lack of personal jurisdiction on June 24, 2013. Stafford contested the circuit court's personal jurisdiction on the basis that she claimed she was a Tennessee resident. Stafford argued that she had changed her domicile from Mississippi to Tennessee in July 2011.

¶5. On September 3, 2013, Williams filed a motion to amend the complaint and join Liberty Mutual. The circuit court granted the motion on September 12, 2013. Liberty Mutual responded with a motion to dismiss on the ground of forum non conveniens.

¶6. The circuit court set a hearing on Stafford's motion to dismiss for September 9, 2013. That day, Williams served Stafford with a second summons and complaint when Stafford

2

appeared at the circuit court on an unrelated criminal matter. The hearing on Stafford's motion was continued until November 18, 2013, when the circuit court heard both motions to dismiss.

¶7. On December 19, 2013, the circuit court entered an order granting Liberty Mutual's motion to dismiss based on forum non conveniens. The circuit court dismissed Liberty Mutual without prejudice provided Liberty Mutual agreed to waive the statute of limitations if Williams refiled the action in Tennessee. On January 10, 2014, the circuit court entered an order granting Stafford's motion to dismiss due to lack of personal jurisdiction. The circuit court dismissed with prejudice. Williams now appeals both judgments.

ANALYSIS

¶8. Williams asserts several issues on appeal. For clarity, we divide the issues as those pertaining to Stafford and those pertaining to Liberty Mutual. "Jurisdictional issues are reviewed pursuant to a de novo standard of review." *Joshua Props. LLC v. D1 Sports Holdings LLC,* 130 So. 3d 1089, 1092 (¶8) (Miss. 2014) (citation omitted). "Jurisdiction is decided based on the existing facts at the time the action is commenced." *Id.* (citing *Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1137 (¶9) (Miss. 2008)).

> I.  *Whether the circuit court erred in granting Stafford's motion to dismiss for lack of personal jurisdiction with prejudice.*

¶9. We begin with the procedural issues. Williams argues that the circuit court erred in the dismissal of Stafford with prejudice.

¶10. A dismissal with prejudice indicates a ruling on the merits of the case, but a dismissal for lack of jurisdiction necessarily does not implicate the merits of the case. *See Jackson v.*

3

*Bell*, 123 So. 3d 436, 439 (¶7) (Miss. 2013) ("[A] dismissal for lack of jurisdiction is not a dismissal on the merits, and thus may not be with prejudice."); *B.A.D. v. Finnegan*, 82 So. 3d 608, 615 (¶27) (Miss. 2012) (court could not dismiss case with prejudice for lack of subject-matter jurisdiction). Thus, a court must issue a dismissal on jurisdictional grounds without prejudice. The dismissal of Stafford should have been without prejudice.

¶11. Williams also argues the circuit court erred in finding that Stafford did not waive any objections to jurisdiction by entering a general appearance rather than a special appearance. Williams further contends the circuit court erred in finding Stafford was a Tennessee resident, and in finding personal service on Stafford would not comport with due process. According to Williams, the circuit court also misapplied Mississippi Rule of Civil Procedure 4, applied the incorrect legal standard in finding the Mississippi long-arm statute did not apply, and erred in applying immunity to Stafford. We consolidate and clarify these issues.

### A. The Tennessee Summons

¶12. Williams served Stafford with a summons and complaint while she was in Tennessee. Stafford did not contest the validity of the summons, but did dispute that the Mississippi circuit court had personal jurisdiction over her.

¶13. Williams claimed that Stafford waived her objections to personal jurisdiction. This Court has held:

> A voluntary entry of appearance by a defendant no longer serves as a waiver of that defendant's right to subsequently contest the court's in personam jurisdiction arising from an alleged defect in the manner in which the defendant was served with process. *See Rains v. Gardner*, 731 So. 2d 1192, 1194-97 (¶¶9-17) (Miss. 1999). Thus, earlier disputes over whether an appearance was a general appearance or a special appearance for the limited

4

purpose of contesting the court's jurisdiction . . . have become moot.
*Schustz v. Buccaneer Inc.*, 850 So. 2d 209, 213 (¶14) (Miss. Ct. App. 2003). Further, "case law makes it clear that the challenge must be asserted by motion or otherwise at the first opportunity after the appearance or it is deemed waived." *Id.* at (¶16) (citing *Young v. Huron Smith Oil Co.*, 564 So. 2d 36, 38-39 (Miss. 1990)). Clearly, Stafford did not waive her objection to personal jurisdiction when she entered an appearance and simultaneously filed a motion to dismiss for lack of personal jurisdiction.

¶14. We must now examine whether the circuit court had jurisdiction over Stafford. Williams claimed that Stafford was a Mississippi resident. We must, therefore, determine Stafford's domicile. The elements indicating one's domicile include: "(1) an actual residence voluntarily established in said county, (2) with the bona fide intention of remaining there, if not permanently, at least indefinitely." *Smith v. Smith*, 194 Miss. 431, 434, 12 So. 2d 428, 429 (1943). "The intent necessary is the intent that an established residence shall be reasonably permanent. The intent must be to make a home at the moment and not in the future." *Id.*

¶15. Further, a party's domicile is established when the complaint is filed. *See Euclid-Miss. v. W. Cas. & Sur. Co.*, 249 Miss. 547, 554, 163 So. 2d 676, 679 (1964) ("[J]urisdiction is determined as of the time of filing suit."). Williams argues that Stafford held a Mississippi driver's license at the time of the accident. Yet Stafford stated that she left Mississippi in July 2011, and from that time she intended to establish her domicile in Tennessee. The circuit court found Stafford established her domicile in Tennessee. There

5

was sufficient evidence to support this finding. Thus, the circuit court did not err in finding that Stafford's domicile was in Tennessee as of the date the complaint was filed.

¶16. Next, we must decide whether the circuit court properly dismissed the action for lack of personal jurisdiction. "The proper order when analyzing personal jurisdiction over nonresident defendants is to first consider whether the long-arm statute subjects a nonresident defendant to personal jurisdiction[,] and then to consider whether the statute's application to that defendant offends the Due[-]Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Phillips*, 992 So. 2d at 1137 (¶9).

¶17. Williams contends the circuit court erred in finding that neither the long-arm statute nor due process allowed for personal jurisdiction over Stafford. The Mississippi long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code. Ann. § 13-3-57 (Supp. 2014).

¶18. Williams cannot apply the first two prongs of the long-arm statute because the automobile accident occurred in Tennessee, and neither party contracted with the other in Mississippi. Instead, Williams relies on the third provision stating Stafford engaged in business in the state. Williams claims Stafford was subject to the doing-business prong

6

because she appeared in the circuit court, contracted with a Mississippi bail bondsman, and retained a Mississippi attorney, all due to an unrelated criminal matter.

¶19. Notwithstanding Williams's contentions, Mississippi courts previously interpreted the long-arm statute to bar the use of the doing-business prong by nonresident plaintiffs. *See Herrley v. Volkswagen of Am. Inc.*, 957 F.2d 216, 219 (5th Cir. 1992) (affirming based on precedent barring nonresident use of doing-business prong). Regardless of whether Stafford's acts constituted doing business, Williams, as a Tennessee resident, cannot utilize any of the three prongs of the long-arm statute.

¶20. Though Williams served Stafford with a valid summons in Tennessee, the summons failed to confer personal jurisdiction to the circuit court over Stafford. Williams also urges this Court to find that Stafford possesses minimum contacts with Mississippi, which comports with due-process requirements. However, the long-arm statute does not extend to Stafford, which precludes any due-process analysis. Therefore, we find this issue is without merit.

### B. The Mississippi Summons

¶21. In addition, Williams served Stafford with a second summons and complaint when she appeared before the circuit court on an unrelated criminal matter. Williams argues that this service of process rectified any deficiencies in personal jurisdiction from the Tennessee summons. "It may well be that in-state personal service upon a physically present defendant is sufficient under the old power theory of personal jurisdiction. Such may also be sufficient to satisfy the defendant's due[-]process rights." *Chenier v. Chenier*, 573 So. 2d 699, 702-03

7

(Miss. 1990) (internal citations omitted) (citing *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 628 (1990) (holding in-state service of process of nonresident did not offend due process)).

¶22. Stafford cites *Chenier* for a different proposition. The *Chenier* court stated: "This Court has long recognized the rule that a non-resident otherwise not amenable to suit enjoys immunity from civil process when he appears in this state as a party or witness." *Id.* at 703 (citing *Arnett v. Carol C. & Fred R. Smith Inc.*, 145 So. 638, 641 (1933)). While *Chenier* confirmed the practice of serving nonresidents in-state, *Chenier* also held nonresident defendants and parties acquired immunity from civil service of process when appearing for an unrelated legal matter. *Id.* at 703-04. Thus, Stafford argues that her compulsory appearance in the circuit court for an unrelated criminal matter rendered the Mississippi summons void.

¶23. Stafford only appeared in Mississippi due to her required appearance on a criminal matter. Otherwise, Williams could not have served her in Mississippi, and Stafford would not have been amenable to personal jurisdiction. If Stafford failed to appear in court on her criminal matter, she faced imprisonment. This scenario underscores the purpose of the grant of immunity. In *Chenier*, the Mississippi Supreme Court held:

> [T]he sub silentio premise of the rule has always been that the witnesses and parties entitled to this immunity were persons who otherwise could not be sued in Mississippi; that is, were it not for the fact that they had come to Mississippi as a witness or a party, there would be no way to serve them with process and subject them to personal jurisdiction here. The rule is one of fairness.

*Chenier*, 573 So. 2d at 703. Thus, the immunity as explained in *Chenier* applied and

8

rendered the Mississippi summons invalid.

¶24. Having considered whether the circuit court had personal jurisdiction over Stafford, we affirm the circuit court's judgment that dismissed Williams's claims against Stafford. However, we also find that the dismissal should have been without prejudice. We therefore reverse the circuit court's judgment dismissing the claims with prejudice and render a judgment of dismissal without prejudice.

> II.    *Whether the circuit court erred in granting Liberty Mutual's motion to dismiss based on forum non conveniens without prejudice.*

¶25. Williams next argues that the circuit court erred in granting Liberty Mutual's motion to dismiss for forum non conveniens. Williams contends the circuit court incorrectly applied Mississippi Rules of Civil Procedure 45 and 82(c) and the doctrine of forum non conveniens. Further, Williams asserts the circuit court's order violated Mississippi Code Annotated section 11-11-3(4)(b) (Supp. 2014).

¶26. "A lower court's dismissal based on the doctrine of forum non conveniens should only be reversed if the trial court abused its discretion or applied an erroneous legal standard, and the dismissal should be accorded great deference on appeal." *Poole v. Am. Pub. Life Ins. Co.*, 878 So. 2d 1102, 1103 (¶6) (Miss. Ct. App. 2004) (citing *Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 728 So. 2d 573, 575 (¶7) (Miss. 1999)).

¶27. As part of the order of dismissal, the circuit court indicated that Liberty Mutual waived any statute-of-limitations bar in Tennessee. Williams argues the stipulation failed to fulfill the statutory requirements for a forum non conveniens dismissal. Section 11-11-3(4)(b) states:

A court may not dismiss a claim under this subsection until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.

Thus, before a court may dismiss a case due to forum non conveniens, the defendants must stipulate to a waiver of a statute-of-limitations defense.

¶28. The supreme court has stated:

[T]here is one classic instance when the doctrine of forum non conveniens will never be applied, and that is to dismiss a case if it is barred elsewhere by a statute of limitations, unless or until the defendant is willing to stipulate that he will waive the statute of limitation defense.

*Shewbrooks v. A.C. & S. Inc.*, 529 So. 2d 557, 562 (Miss. 1988) (superceded by statute on other grounds). In a separate instance, however, the supreme court found the inclusion of the defendant's waiver in the dismissal order, and a fifteen-day period between the dismissal and the running of the statute of limitations provided a sufficient alternative forum for the plaintiffs. *Alston v. Pope*, 112 So. 3d 422, 428 (¶¶22-24) (Miss. 2013).

¶29. Williams argues the stipulation violated section 11-11-3(4)(b) when the order stated "the Defendants will not assert a statute of limitations defense if the case is timely re-filed in Tennessee." Williams, however, argues it is impossible for her to timely file the suit in Tennessee. Though the filing of a suit tolls the statute of limitations, Williams filed suit in Mississippi on December 17, 2012, which was the last day Williams could have filed her suit in Tennessee. Therefore, according to Williams, the stipulation and dismissal essentially

10

provide no available alternate forum.

¶30. Liberty Mutual counters that the stipulation complies with the statute, and the statute only tolls the statute of limitations while the claim remains pending in Mississippi. This means the statute of limitations in Tennessee takes effect almost immediately after the dismissal in Mississippi. Liberty Mutual argues Williams should not be able to take advantage of and use this fact to continue litigation in Mississippi or receive an extension in Tennessee that she would not have otherwise.

¶31. Unlike the plaintiffs in *Alston*, Williams lacked any additional time to timely file her action in Tennessee. By Williams filing on the last possible day, the tolling of the statute of limitations cannot apply when the statute of limitations already began to run. The *Alston* court distinguished the plaintiffs in that case from the ones in *Shewbrooks* who lacked an alternate forum. *Id.* at 428 (¶22). Therefore, the circuit court erred in dismissing the case when no viable alternative forum existed for Williams.

¶32. We find the circuit court abused its discretion in dismissing the complaint when Williams lacked an alternate forum in which to file her suit due to the expiration of the statute of limitations. Though the language of the stipulation complied with section 11-11-3(4)(b), the effect of the dismissal did not. Because we find this issue dispositive, we decline to discuss the forum non conveniens analysis. Accordingly, we reverse the circuit court's judgment dismissing Liberty Mutual and remand the case for further proceedings consistent with this opinion.

¶33. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED IN PART, REVERSED AND RENDERED IN PART, AND REVERSED**

11

**AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LIBERTY MUTUAL.**

**LEE, C.J., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.**